[Civ. No. 7997. First Appellate District, Division Two.—September 14, 1931.]

E. E. EASTON, Appellant, v. W. A. GELLER et al., Respondents.

Charles Mitschrich for Appellant.

Joseph L. Lewinson, O'Melveny, Tuller & Myers and Pierce Works for Respondents.

NOURSE, P. J.—Plaintiff sued to establish a trust and for an accounting. Demurrers to his amended complaint were sustained without leave to amend. Plaintiff then moved for leave to amend and tendered a proposed amendment. Leave was denied and judgment for defendants was entered. Plaintiff has appealed on a bill of exceptions.

The complaint alleged that on November 20, 1917, plaintiff, as legal owner, transferred to one O. F. Brant 997 shares of a total 1,000 shares of a Mexican corporation which held the legal title to 15,000 acres of land in Mexico worth $75 an acre, and which was encumbered for $370,000; that the mortgage was subject to foreclosure; that Brant agreed to

manage the land, to rent it, and to sell the same for $75 an acre, pay the indebtedness, interest and advances made by him, and to pay over to plaintiff the balance; that in January, 1918, Brant sold 8,000 acres of the land and in October, 1921, sold the remaining 7,000 acres, paid off the mortgage and interest, and realized out of both sales and the rentals $538,460, which defendants received at times unknown to plaintiff. That each of the defendants had full knowledge of the alleged trust and received the proceeds thereof without giving any consideration therefor. That O. F. Brant died March 14, 1922, and defendant Title Insurance and Trust Company is the executor of his estate. That the said sum of $538,460 is in the possession of said title company, as executor of the estate of O. F. Brant, and also in the possession of said title company and of the defendants named as heirs of said estate.

This action was commenced on June 18, 1927.

Respondents defend the order sustaining the demurrer to the original complaint solely on the ground that the action is barred by section 343 of the Code of Civil Procedure. In this position we cannot but agree. The complaint alleges an express voluntary trust between plaintiff and deceased and an implied constructive trust on the part of the respondents. It fails to allege when or how the respondents came into possession—whether by deed in the lifetime of decedent or by will or descent at his death. In either case title must have passed more than four years before suit was brought. In the case of a constructive trust, such as we have here, the statute commences to run with the inception of the trust—i. e., the unlawful transfer by the trustee, or the succession upon the death of the trustee as the case may be. (*Norton* v. *Bassett,* 154 Cal. 411, 416 [129 Am. St. Rep. 162, 97 Pac. 894], citing *Hecht* v. *Slaney,* 72 Cal. 363, 366 [14 Pac. 88], *Nougues* v. *Newlands,* 118 Cal. 102, 106 [50 Pac. 386], *Broder* v. *Conklin,* 121 Cal. 282 [53 Pac. 699], and *Barker* v. *Hurley,* 132 Cal. 21 [63 Pac. 1071, 64 Pac. 480].) To the same effect is *Lezinsky* v. *Mason Malt. W. D. Co.,* 185 Cal. 240, 250 [196 Pac. 884], and 17 R. C. L., pp. 711, 794.

The demurrer was confessed as to the executor of the Brant estate. This left the complaint alleging a constructive trust as to the title company and the heirs. As to

both groups of defendants the action is barred upon the authorities cited.

In an attempt to toll the running of the statute appellant proposed an amendment in which he alleged that the first information or knowledge that he had that O. F. Brant conveyed said trust property in his lifetime, or that, after his death, the title company transferred to the other respondents, was on December 31, 1924, and that up to that time he had believed that the property was regarded as a part of Brant's estate and as such devised to respondent Susan Brant. He does not allege that such information was withheld from him through fraud or concealment, and does not give any reason why he did not obtain such information at an earlier date. It is the settled rule that a general allegation of ignorance at one time and of knowledge at another is of no effect. (*Phelps* v. *Grady,* 168 Cal. 73, 78 [141 Pac. 926]; *Wood* v. *Carpenter,* 101 U. S. 135 [25 L. Ed. 807].) This rule is particularly applicable to a case such as this where from all the facts alleged the court must presume that with reasonable diligence the plaintiff might have ascertained the matters of which he now complains.

However, the granting of leave to amend is addressed largely to the discretion of the trial court. Here, in opposition to the motion, respondents filed an affidavit showing that appellant knew of Brant's death on the day following the occurrence; that he presented a claim against the estate covering the same matters here in suit, which claim was rejected; that he thereafter sued the widow and others upon these same matters; that this suit was transferred to the federal court, where it was heard on the merits and the judgment against the appellant was entered; that, in the federal court proceeding, this appellant testified that he had full knowledge of these transactions soon after the death of Brant, and that the judgment was affirmed by the Circuit Court of Appeals on May 31, 1927, less than three weeks before this suit was begun. (*Easton* v. *Brant,* 19 Fed. (2d) 857.)

With these facts before the trial court the good faith of appellant's proposal was put to the test on the motion for leave to amend. The demurrer was sustained to an amended complaint which was filed more than a year after the original complaint was filed. The defects in the amended complaint were brought to the appellant's attention during

the argument on the demurrer and he then asked leave to amend if the demurrer should be sustained. His proposed amendment fell far short of correcting these defects, while the showing on the motion demonstrated that he could not amend to state a good cause of action. The case is alike to *Norton* v. *Bassett*, 158 Cal. 425, 427 [111 Pac. 253, 254], where the Supreme Court say: "Speaking generally, it may be said that the test as to whether or not the court has abused its discretion, will depend upon whether the amendment is a permissible amendment which will perfect a cause of action otherwise imperfectly pleaded."

We find no error in the record.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.