[Civ. No. 20036. First Dist., Div. Three. June 12, 1962.]

JOHN C. STEWART et al., Plaintiffs and Appellants, v.
ORA MUIR THELAN, Defendant and Respondent.

Manwell & Manwell and Erling S. Norby for Plaintiffs
and Appellants.

Thelen, Marrin, Johnson & Bridges and Paul R. Haerle
for Defendant and Respondent.

DRAPER, P. J.— The sole question here presented
is whether the bar of the statute of limitations appears upon
the face of the complaint. After sustaining of demurrer to
their amended complaint, plaintiffs elected not to avail them-
selves of leave to amend further. They appeal from the en-
suing judgment of dismissal.

Plaintiffs treat the complaint as one to establish that a
deed absolute in form is in fact a mortgage, and to compel
reconveyance upon the ground that profits of the mortgaged
property have worked a redemption. Although the pleading

is subject to other constructions, less favorable to plaintiffs, we accept their view.

The complaint alleges that: In 1934, plaintiffs' intestates mortgaged timber lands to one Muir, the father of defendant, to secure payment of a note for $13,000. In 1938, the note was past due. The intestates deeded to Muir, who surrendered the note and orally agreed to go upon the land, remove and sell tanbark and timber, account annually for the value thereof, and, when such proceeds amounted to $20,000 plus interest at 3 per cent per year and taxes, to reconvey the land. Thereafter, Muir accounted to plaintiffs or their intestates in 1939, 1940 and 1941 for tanbark and timber sold, reducing the amount due him to $15,656.39. In 1942, 1943 and 1944, he rendered no statement and gave no credit, "although demand therefore was made in each of those years." Muir died in 1944, and defendant, his daughter, took the property under decree of distribution. She has ever since had possession, and has removed tanbark and timber therefrom. Plaintiffs believe the amounts received by her from such products far exceed $20,000. "[A]lthough repeated and continual demands have been made," defendant "has neglected and/or refused" to render statements. Beginning in 1945, two relatives acting in behalf of plaintiffs "made verbal demands by telephone" for such statements, and were invariably told by defendant that " 'she didn't know anything about it, that her husband handled her business affairs.' " Written demands for accounting were made upon defendant May 29, 1951, and June 15, 1954, but defendant did not reply. Sometimes "after the year 1956," one of plaintiffs called on defendant's husband, and was then told that "no statement or accounting was due and/or owing." This action was filed June 23, 1959.

"An action to redeem a mortgage of real property, with or without an account of rents and profits, may be brought by the mortgagor or those claiming under him, against the mortgagee in possession, or those claiming under him, unless he or they have continuously maintained an adverse possession of the mortgaged premises for five years after breach of some condition of the mortgage." (Code Civ. Proc., § 346.) There is no suggestion that defendant or her father ever withdrew any claim of unencumbered title to the land. Thus if such claim were asserted earlier than June 23, 1954, the action is barred.

It can be strongly argued that Muir, in failing to comply

with plaintiffs' demands that he make statements and give credit for the years 1942, 1943 and 1944, repudiated the alleged agreement, and thereafter held adversely. Certainly, such refusal was a breach of a condition of the pleaded mortgage, and it could well amount to an "act inconsistent with the theory" that he held as mortgagee (*Wadleigh* v. *Phelps*, 149 Cal. 627, 634 [87 P. 93] ; see also *Peshine* v. *Ord*, 119 Cal. 311 [51 P. 536, 63 Am.St.Rep. 131] ). However, he had made statements and given credit for the preceding three years, and it is contended that the acts pleaded are not sufficiently clear to show a withdrawal from such acknowledgement. In the absence of authority upon the effect of an unexplained refusal to account, we do not base our holding upon the acts of Muir.

In 1944, however, Muir died and defendant succeeded to the property. To repeated demands from 1945 to 1956, she invariably replied that "she didn't know anything about it." Continuing denial of knowledge of an obligation she had not made or accepted appears to amount to refusal to perform it. Moreover, somewhat less definite and detailed repudiation should be required of her than of the direct obligor. She was not, as her father had been, a voluntary trustee. She had no contractual obligation to plaintiffs. In the analogous trust situation, repudiation by her would not be required to begin the running of the statute. (*Norton* v. *Bassett*, 154 Cal. 411, 416-418 [97 P. 894, 129 Am.St.Rep. 162] ; *Easton* v. *Geller*, 116 Cal.App. 577, 579 [3 P.2d 74].) Nevertheless, despite "repeated and continual demands," she has refused to perform or to acknowledge the claimed obligation. Her adverse position was made clear. Plaintiffs, although granted leave to amend, have not alleged any knowledge by defendant of the agreement, other than that derived from their own bare demands. They have failed to allege any act or word of defendant which in any way led them to delay this action or to believe that she did or would acknowledge their claim.

We conclude that defendant has at all times since 1945 held the property adversely to plaintiffs' claims, and that this action therefore is barred by section 346.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.