[Civ. No. 6183. Third Appellate District.—March 10, 1941.]

NAMI YASUNAGA, as Administratrix, etc., Appellant, v. ARLIN E. STOCKBURGER et al., as Members of the Board of Control, etc., Respondents.

Harry A. Encell for Appellant.

Earl Warren, Attorney-General, and R. L. Chamberlain, Deputy Attorney-General, for Respondents.

THOMPSON, J.—The petitioner has appealed from an order sustaining without leave to amend a demurrer to her application for a writ of *mandamus* to compel the Board of Control of the State of California to approve, allow and direct to be paid two specific claims for reimbursement of taxes from a special fund created by the legislature (Stats. 1933, chap. 968, p. 2490), which taxes were erroneously levied

and collected under article XIII, section 15, of the Constitution of California, for operating, as common carriers, a trucking business on the public highways of this state. Pursuant to that order, judgment of dismissal of the proceeding was rendered and entered.

The petition alleges that Kiso Yasunaga, under the fictitious name of Produce Transfer Company, conducted, in his lifetime, a trucking business in the vicinity of San Jose, from 1928 to 1930, inclusive, but that he did not convey goods or passengers as a common carrier between fixed termini or over regular routes on the public highways; that the company, as a private carrier under contracts, transported property for which he derived a revenue in the year 1928, of $15,345.40, upon which basis the state wrongfully levied and there was paid taxes in the sum of $1,896.66, all of which was illegal except the sum of $667.27; that the company received a revenue for a similar business during the year 1929, of $9,970.67, upon which income the state wrongfully levied and collected $1,555.04, no part of which was legally due except the sum of $498.53; that the excess taxes were paid through mistake and ignorance; that the company "did within five years of the date of payment of said sums as aforesaid, namely, *on September 16, 1935*, present its verified claim to said Board of Control wherein and whereby it was set forth that Kiso Yasunaga had on February 3, 1930, paid to the State of California for and on account of said invalid demands, as aforesaid, the sum of $1,229.39, and on July 10, 1930, . . . the sum of $1,056.51, and had within five years, namely on December 30, 1933, presented *a claim* to the Board of Control for the refund *of sums paid* . . . by virtue of the invalid demands . . . as hereinabove set forth"; that Kiso Yasunaga subsequently died, and upon application therefor Nami Yasunaga was duly appointed and qualified as administratrix of his estate.

The petition for a writ of *mandamus* was thereupon filed to recover from the special fund created by statute for that purpose the two specific sums illegally levied and collected of $1,229.39, paid February 3, 1930, and $1,056.51, paid July 10, 1930. To that petition the respondent demurred. The demurrer was sustained without leave to amend, on the theory that claims for those particular payments were not filed within five years from the dates when they were paid,

as required by Statutes of 1935, chapter 845, page 2263. A judgment of dismissal was thereupon rendered, from which this appeal was perfected.

We are of the opinion the demurrer was properly sustained for the reason that it appears from the petition the claims for the particular assessments sought to be recovered in this proceeding were not filed within five years from the payments thereof, as the statute requires. It is definitely alleged the claims for those particular sums were presented September 16, 1935, for payments which were made February 3, 1930, and July 10, 1930. The statute of 1935, under which the petitioner seeks to recover in this proceeding, provides that:

"The State Board of Control shall not examine any such claim or disburse any funds therefor from this appropriation unless claimant has presented such claim to the State Board of Control or instituted a suit in a court of competent jurisdiction for the recovery of any such sum within a period of five years after payment to the State."

It is true that the petition, after stating the exact dates in February and July, 1930, when claims for the particular amounts sought to be recovered were presented, further alleges that "On December 30, 1933, . . . *a claim* to the Board of Control *for the refund of sums paid* . . . by virtue of the invalid demands of the State of California as hereinabove set forth" was presented. It will be observed the petition alleges that other taxes besides those which are involved in this proceeding were illegally assessed and paid. It does not appear that the claim last mentioned, which was filed December 30, 1933, had any application to the sums sought to be recovered in this proceeding. In her opening brief, the petitioner seems to concede the claim which was filed in 1933 was not for the particular payments which are here involved. She says in that regard:

"It is true that petitioner did not in 1935 present the identical claim which was presented by her husband in 1933. . . . The sums of money involved in each claim were extracted under exactly the same circumstances and from the same claimant."

This language infers that the claim which was filed in 1933 was merely one to recover other taxes which were illegally levied and collected under circumstances similar to

those which are involved in this proceeding. We do not understand the petitioner contends the claim which was filed in 1933 included the same two payments which are involved in this suit. If it be true that claim covered these payments the petitioner should have asked the court for permission to amend her pleading to allege that fact. She failed to do so. She may therefore not complain of an asserted abuse of discretion in sustaining the demurrer without granting leave to amend the pleading. That right was waived. The demurrer was sustained in July, 1938. The authorities are uniform to the effect that, prior to the enactment of section 472 (c) of the Code of Civil Procedure, September 19, 1939, a pleader was deemed to have waived his right to assert that the court abused its discretion by failing or refusing to grant leave to amend the pleading to which a demurrer was sustained unless he requested permission to amend the pleading. (*Powell* v. *Lampton,* 30 Cal. App. (2d) 43, 47 [85 Pac. (2d) 495].)

It is not alleged the claim which was filed December 30, 1933, conformed to the requirements of the statute as it then existed. (Stats. 1933, chap. 968, p. 2490.) The statute then prohibited the board from considering or allowing a claim for reimbursement of taxes illegally collected unless it appeared they were paid under a written protest, and then only if the claim was filed within three years from the date when the payment was made. That statute then read in that regard:

''No such claim shall be examined by the board unless the claimant at the time of payment to the State of the amount claimed *protested in writing such payment,* and has presented such claim or instituted suit in a court of competent jurisdiction for the recovery of any such sum, *within a period of three (3) years after payment to the State.*''

▮ Since the petition in this proceeding affirmatively alleges the payments sought to be recovered in this action were paid to the state in February and July, 1930, and that first claim was not filed until December 30, 1933, the cause of action was then barred because more than three years had elapsed since the payments were made to the state. The board was therefore precluded by the clear language of the statute from then considering or allowing the claim. That claim was therefore ineffectual for any purpose. ▮ Suits

may be brought against the state only in the manner and within the time allowed by statute. (Article XX, section 6, Constitution of California; *Estate of Bloom,* 213 Cal. 575, 581 [2 Pac. (2d) 753]; *Brandt* v. *Riley,* 139 Cal. App. 250 [33 Pac. (2d) 845]; *Liebman* v. *Richmond,* 103 Cal. App. 354, 359 [284 Pac. 731]; 23 Cal. Jur. 578, sec. 37; *County of San Luis Obispo* v. *Gage,* 139 Cal. 398 [73 Pac. 174].) It has been frequently held that since statutes authorizing suits to be maintained against the state are in derogation of the sovereignty they must be strictly construed. (23 Cal. Jur. 578, sec. 37.) ■ The time for commencing an action may not be suspended by a mere general allegation of ignorance of the effect of the statute with relation to the subject involved. (*Easton* v. *Geller,* 116 Cal. App. 577 [3 Pac. (2d) 74]; 16 Cal. Jur. 565, sec. 161.)

Since the right of action in this proceeding was actually barred by the specific provisions of chapter 968 of the Statutes of 1933, at the time the first claim was filed in December of that year, even assuming that it included the payments sought to be recovered in this proceeding, we are doubtful whether that right of action could be revived by the subsequent enactment of chapter 845 of the Statutes of 1935, which extended the time within which a suit of that nature might be commenced to five years from the time of payment. (16 Cal. Jur. 573, sec. 169.) However, it is not necessary to determine that question and we specifically refrain from doing so.

The demurrer to the petition was properly sustained for the reason that it affirmatively appears no claim for payment of the particular amounts which are involved in this proceeding was filed within five years from the dates when they were paid to the state.

The judgment is affirmed.

Tuttle, J., and Pullen, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 8, 1941.