[Civ. No. 19931.   Second Dist., Div. Three.   July 26, 1954.]

NORTH WHITTIER HEIGHTS CITRUS ASSOCIATION (a Nonprofit Cooperative Association), Appellant, v. JAMES G. BRYANT, as Director of Employment, Respondent.

Ivan G. McDaniel and Kenneth N. Dellamater for Appellant.

Edmund G. Brown, Attorney General, Irving H. Perluss, Assistant Attorney General, William L. Shaw and Vincent P. Lafferty, Deputy Attorneys General, for Respondent.

VALLÉE, J.—Appeal by plaintiff from a judgment entered on the sustaining of a general demurrer to the first amended complaint without leave to amend. Respondent is William A. Burkett, Director of Employment, successor since November 15, 1953, to James G. Bryant, as Director of Employment.

The action is to recover state unemployment insurance taxes allegedly illegally exacted during the period January 1, 1940, through March 31, 1941. It arises under section 45.11 of the Unemployment Insurance Act, referred to as the Act. (3 Deering's Gen. Laws, Act 8780d, § 45.11; now Unempl. Ins. Code, §§ 1178, 1181.)[1] All administrative remedies were exhausted prior to commencement of the action.

The complaint alleges:

---

[1] In 1953 the Act was repealed and reenacted as sections 100-3268 of the Unemployment Insurance Code. All statutory references will be to the Act which applied during the tax period in dispute.

Plaintiff is a California cooperative nonprofit agricultural association. It is composed of approximately 210 citrus growers who have groves near its establishment in Puente. During the period January 1, 1940, through March 31, 1941, plaintiff hired the labor which picked the citrus fruit in its members' groves. The picking costs were charged to, and paid by, each member directly.

The unemployment insurance taxes on which the action is based were paid by plaintiff to defendant as Director of Employment on wages paid by plaintiff for services of laborers engaged in picking citrus fruit in the groves of its members during the period January 1, 1940, through March 31, 1941. Payment for the last quarter of the period was made on April 18, 1941.

On demand of defendant, plaintiff paid its contributions on the wages of the laborers engaged in picking citrus fruit in its members' groves for the years 1940 through 1943 in the following years and amounts:

| "Quarter | 1940 | 1941 | 1942 | 1943 |
|----------|---------|---------|---------|---------|
| 1st | $1227.02 | $1213.72 | $1446.90 | $1543.02 |
| 2nd | 1402.96 | 1801.05 | 1884.86 | 3048.09 |
| 3rd | 1385.25 | 1920.41 | 2386.69 | 3141.87 |
| 4th | 805.69 | 1574.52 | 1305.85 | 1192.38" |

On April 7, 1944, plaintiff filed a claim for refund with defendant covering all of the wages for the entire period on the ground that all the labor involved was exempt as agricultural labor. On August 9, 1946, the claim was allowed on the ground that all of the services involved were agricultural labor, but the claim was disallowed in part solely on the ground that it was barred by the statute of limitations for the period January 1, 1940, through March 31, 1941, in the amount of $6,034.64.

Pursuant to the Act defendant granted plaintiff an extension up to and including March 31, 1953, within which to file a court action for recovery of the sums paid. The prayer was for $6,034.64.

The demurrer was sustained on the ground the claim for refund was not filed within the time provided by the statute. The only issue is whether the complaint states a cause of action. The facts alleged are, of course, deemed to be true for the purpose of the decision. We must assume, therefore, that plaintiff is exempt under the provisions of the Act which exempts agricultural labor. (3 Deering's Gen. Laws, Act 8780d, § 7; now Unempl. Ins. Code, § 625.) The Director of

Employment so held as to the period from April 1, 1941, through 1943.

The relevant part of section 45.11 of the Act in effect throughout 1940 and 1941, for which period the refund is sought, read: "If not later than three years after the date on which any contributions, penalties, or interest *became due*, an employing unit who has paid such contributions, penalties or interest thereon shall make application for an adjustment thereof in connection with subsequent contribution payments, or for a refund thereof because such adjustment cannot be made, . . ." (Italics added.) In 1943, section 45.11 was amended. (Stat. 1943, ch. 1115, p. 3055.) The only change pertinent to the decision of this case was the deletion of the words "became due" and the substitution therefor of the words "were paid." The amendment was in force on April 7, 1944, when plaintiff filed its claim for refund.

A claim for refund of taxes may be made only within the time allowed by statute. (*Yasunaga* v. *Stockburger*, 43 Cal.App.2d 396, 400-401 [111 P.2d 34].) The controlling statute is that in effect at the time the claim for refund is filed. (*Rosefield Packing Co.* v. *Superior Court*, 4 Cal.2d 120, 122 [47 P.2d 716]; *Southern Service Co., Ltd.* v. *Los Angeles County*, 15 Cal.2d 1, 7, 11-12 [97 P.2d 963]; *Mudd* v. *McColgan*, 30 Cal.2d 463, 467-468 [183 P.2d 10].)

Section 45.11 gives an employing unit the right to file a claim for refund when a contribution has been made. It is a remedial statute and as such the 1943 amendment effected only a change in procedure and it was applicable to pending proceedings. The unemployment insurance taxes involved here were for the period January 1, 1940, through March 31, 1941. Payment for the last quarter of the period was made on April 18, 1941. The amendment to section 45.11 became effective on August 4, 1943. On April 7, 1944, plaintiff filed its claim for refund covering the entire period. The 1943 statute with the substituted words "were paid" was controlling on that date.

The 1943 statute provides that after an employing unit has paid its contribution, it then has three years from the date of such payment to make an application either for an adjustment or a refund thereof. Payments for the year 1940 were made during the year 1940. Payment for the period from January 1, 1941, through March 31, 1941, was made on April 18, 1941. In other words, plaintiff made its

contribution for the quarter of January, February, and March of 1941 on April 18, 1941. Since plaintiff filed its claim for refund on April 7, 1944, it did so as to the contribution for the first quarter of 1941 within the three-year period of limitation and thus it was timely as to that period.

However, since the claim for refund was not filed within three years after plaintiff paid the amounts for the periods prior to January 1, 1941, recovery of those amounts is barred.

The fact that plaintiff never did owe any money because the labor involved was exempt does not prevent application of the statute of limitations for the period January 1, 1940, through December 31, 1940. This conclusion is clear from a reading of the section as a whole. The clause "an employing unit who has paid such contributions . . . shall make application for an adjustment thereof in connection with subsequent contribution payments" would seem to mean that if an employing unit's labor was not exempt and it had overpaid, the excess would be adjusted in connection with subsequent contribution payments. However, where the claimant's labor was exempt then the refund provision, "or [shall make an application] for a refund thereof because such adjustment can not be made," comes into play. Section 45.11 takes care of both situations. The two provisions were not altered by the amendment of 1943. Therefore, although plaintiff paid contributions prior to April 7, 1941, for the year 1940 when they were not due, it is barred from recovering those contributions because of the running of the three-year period of limitations.

The complaint states a cause of action for recovery of the amount paid on April 7, 1944, for the first quarter of 1941. The demurrer should have been overruled.

Reversed with directions to the superior court to overrule the demurrer. The parties shall bear their own costs on appeal.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied August 10, 1954.