[Civ. No. 38822. First Dist., Div. One. Mar. 4, 1977.]

STEVEN A. CHASE, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA, Defendant and Respondent.

**COUNSEL**

Walkup, Downing & Sterns, Daniel J. Kelly and William B. Boone for Plaintiff and Appellant.

Harry S. Fenton, John P. Horgan, Robert J. DeFea, Harry C. Miller and Donald M. Velasco for Defendant and Respondent.

## OPINION

**ELKINGTON, J.**—Plaintiff Steven A. Chase filed a timely claim under the Tort Claims Act (Gov. Code, § 900 et seq.)[1] for damages for personal injuries alleged to have proximately resulted from the state's negligence. The claim was thereafter rejected by the State Board of Control. According to the Law Revision Commission comment to Government Code section 945.6, an action on such a claim "must be commenced within six months after the claim" is rejected.

Within the six-month statutory period plaintiff commenced an action in relation to the accident upon which the claim had been based. His complaint (hereafter "original complaint") named as defendants eight corporations and individuals, and "Does One through Fifty." But the State of California was not named as a defendant, or otherwise, in the action. Nor was the filing and rejection of plaintiff's claim against the state alleged.

About 20 months after commencement of his action plaintiff filed an amended complaint in which the "State of California (sued herein as Doe Twenty)" was added as a named defendant.

The state demurred to the amended complaint on the ground that plaintiff had not commenced an action on his claim within six months, as required by Government Code section 945.6. The demurrer was sustained without leave to amend and the action was thereafter dismissed. Plaintiff appeals from the judgment of dismissal.

■ The issue of the appeal is whether plaintiff had complied with the Tort Claims Act's requirement that his action against the State of California "must be commenced within six months" after rejection of his claim.

Plaintiff here contends, as he alleged in his amended complaint, that he did not learn "of facts indicating the State's involvement in the

[1]The Tort Claims Act relates to claims against public entities generally, including the State of California. For convenience we discuss it as though it referred to the state alone.

subject accident" until about four months before his amended complaint was filed. He relies principally upon *Garrett* v. *Crown Coach Corp.*, 259 Cal.App.2d 647 [66 Cal.Rptr. 590], *Mishalow* v. *Horwald*, 231 Cal.App.2d 517 [41 Cal.Rptr. 895], and *Johnson* v. *Goodyear Tire & Rubber Co.*, 216 Cal.App.2d 133 [30 Cal.Rptr. 650]. Construing Code of Civil Procedure section 474,[2] these authorities hold that a defendant may be sued by a fictitious name where the plaintiff knows the defendant's name, but is ignorant of either the facts giving rise to a cause of action against the defendant, or the existence of a cause of action against him, or both. Plaintiff's amended complaint alleges facts which would ordinarily bring it within that rule.

*Garrett, Mishalow* and *Johnson*, however, were concerned with statutes of limitations as prescribed by the Code of Civil Procedure. As to such statutes the rule is settled: "[A] defendant sued by a fictitious name and later brought into the case by an amendment substituting his true name is considered a party to the action from its commencement for purposes of the statute of limitations." (*Austin* v. *Massachusetts Bonding & Insurance Co.*, 56 Cal.2d 596, 602 [15 Cal.Rptr. 817, 364 P.2d 681]; *California State Auto. Assn. Inter-Ins. Bureau* v. *Cohen*, 44 Cal.App.3d 387, 392 [118 Cal.Rptr. 890].)

The issue is thus narrowed to whether the above rule is applicable to actions brought against the state under the Tort Claims Act.

Article III, section 5, of California's Constitution provides, as did its predecessor provision, article XX, section 6, that: "Suits may be brought against the state in such manner and in such courts as shall be directed by law." The state's Tort Claims Act was enacted in implementation of this constitutional provision. Under the act the Legislature has prescribed the time and manner of filing claims against the state, and *the conditions under which it may be sued. (City of L. A.* v. *County of L. A.*, 9 Cal.2d 624, 629 [72 P.2d 138, 113 A.L.R. 370]; *Stanley* v. *City and County of San Francisco*, 48 Cal.App.3d 575, 580 [121 Cal.Rptr. 842]; *Yasunaga* v. *Stockburger*, 43 Cal.App.2d 396, 401 [111 P.2d 34].) A valid condition of the act is that "recovery will be denied where legal action is not brought against the state within the period prescribed by the statute . . . ."

[2]Code of Civil Procedure section 474, as relevant, provides: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . ."

(*Stanley* v. *City and County of San Francisco, supra,* p. 579; *Chas. L. Harney, Inc.* v. *State of California,* 217 Cal.App.2d 77, 90 [31 Cal.Rptr. 524].)

■ The prescribed statutes of limitations for commencement of actions against the state "are mandatory and must be strictly complied with . . . ." (*Chas. L. Harney, Inc.* v. *State of California, supra,* 217 Cal.App.2d 77, 90; see also *Stanley* v. *City and County of San Francisco, supra,* 48 Cal.App.3d 575, 579; *Yasunaga* v. *Stockburger, supra,* 43 Cal.App.2d 396, 400-401; *Gill* v. *Johnson,* 103 Cal.App. 234, 237 [284 P. 510].) And where, as in the statute here under consideration, an action against the state "*must* be commenced within six months" (italics added), the requirement is mandatory. (Gov. Code, § 14; *Board of Supervisors* v. *Simpson,* 36 Cal.2d 671, 675-676 [227 P.2d 14].)

Our analysis of the Tort Claims Act reveals a statutory purpose that ordinarily a tort claim must be filed against the state within 100 days of the claimant's injury. But the act discloses an intent not to act harshly or arbitrarily against those who might reasonably be excused from a tardy prosecution of their claims. Where a claimant defaults in filing his claim within the prescribed 100-day period (§ 911.2) he may nevertheless be permitted by the state the relief of filing a "late claim" within a year of his injury (§ 911.4). And if the state shall improperly deny such permission he is extended appropriate judicial recourse (§ 946.6). He will ordinarily be granted such relief if his neglect was a result of "mistake, inadvertence, surprise or excusable neglect," or other cause stated by section 946.6. But this statutory indulgence extends only to the filing of claims. No similar liberality excuses the late commencement of actions. Instead the act manifests a purpose that the time within which an action may be commenced under it is absolute, and will not be extended for any reason. As said in *Hunter* v. *County of Los Angeles,* 262 Cal.App.2d 820, 822 [69 Cal.Rptr. 288]: "We are governed here by the tort claims statute, which does not indulge late suitors to the same extent it does late claimants."

■ We observe that in plaintiff's original complaint he abandoned any reliance upon his previously filed claim. Its presentation was not mentioned, and by this omission no cause of action was alleged against the state, even had it been joined as a named defendant. (*Dias* v. *Eden Township Hospital Dist.,* 57 Cal.2d 502 [20 Cal.Rptr. 630, 370 P.2d 334]; *Veriddo* v. *Renaud,* 35 Cal.2d 263, 265 [217 P.2d 647]; *Chas. L. Harney, Inc.* v. *State of California, supra,* 217 Cal.App.2d 77, 102.) Further, it

appears that the failure to name the state as a defendant, or to allege a cause of action against it, was not inadvertent but was instead purposeful and intentional. It was concluded by plaintiff at the time that the state was not responsible for his injuries. As conceded in his briefs and in his amended complaint, it was not until about 20 months later that he learned "of facts indicating the State's involvement in the subject accident."

It thus appears that at the time of the commencement of plaintiff's action the state was but one of an infinite number of public entities who were subject to the *possibility* of later joinder as defendants in the action. It does violence to reason, and to language, to conclude that the filing of the original complaint constituted "commencement of an action" against any and every public entity who *might* later be chosen to replace a "Doe."

Plaintiff's principal reliance is upon *Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d 596. That case, as has been noted, holds that "a defendant sued by a fictitious name [according to Code Civ. Proc., § 474] and later brought into the case by an amendment substituting his true name is considered a party to the action from its commencement for purposes of the statute of limitations."

But we observe that *Austin* gives effect to "the liberality of amendment [of pleadings] permitted by the modern rule . . . ." (56 Cal.2d, p. 603; and see 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 1040, pp. 2618-2620.) It does not purport to hold that the Tort Claims Act's strict and mandatory condition that a timely action must be commenced against a public entity, is satisfied by the filing of a complaint with "Doe" defendants in which the public entity goes unnamed and unconsidered. Indeed, even in the case of a subsequently joined nonpublic entity defendant, it does not hold that in fact the action was earlier commenced against him. Instead, to effectuate modern liberal rules of pleading he "is *considered* a party to the action from its commencement *for purposes of the statute of limitations.*" (Italics added.) The Tort Claims Act permits no similar liberality in derogation of its mandate that in a case such as that at bench, the action *must* be commenced against the state within six months from its rejection of a claim.

We hold therefore that in the circumstances of the case at bench, plaintiff did not commence an action against the State of California

within six months after his claim was rejected, according to the requirement of the Tort Claims Act.

For the several reasons we have stated, it is concluded that the judgment of the superior court must be affirmed.

Affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 12, 1977.