[Civ. No. 39582. First Dist., Div. One. Mar. 18, 1977.]

PAUL E. SMITH, Plaintiff and Appellant, v.
CITY AND COUNTY OF SAN FRANCISCO,
Defendant and Respondent.

COUNSEL

Don H. Banks and John Eshleman Wahl for Plaintiff and Appellant.

Thomas M. O'Connor, City Attorney, and Dan Maguire, Deputy City Attorney, for Defendant and Respondent.

OPINION

**ELKINGTON, J.**—Under California's Tort Claims Act (Gov. Code, § 900 et seq.) a claim against a public entity must be made within 100 days of the accrual of the cause of action (Gov. Code, § 911.2). If the claim is rejected an appropriate action must be commenced "*not later than six months* after the date such notice [of rejection] is personally delivered or deposited in the mail." (Gov. Code, §.945.6, subd. (a) (1); italics added.)

Plaintiff Smith's tort claim against the City and County of San Francisco was rejected by the city, and written notice of its rejection was deposited in the mail. *Six months and one day* after such deposit in the mail Smith, whose address was within the State of California, commenced an action on the claim. The superior court thereafter on the city's motion entered summary judgment against Smith on the ground of untimely filing of the action. Smith has appealed from the summary judgment.

The appeal's single issue is whether Code of Civil Procedure section 1013 is applicable to Government Code section 945.6, subdivision (a)(1)'s requirement that an action be commenced not later than six months after written notice of rejection of a claim is "deposited in the mail."

Code of Civil Procedure section 1013 provides that in case of service of a notice by deposit in the mail: "The service is complete at the time of the deposit, but if, within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended five days if the place of address is within the State of California, . . ."

Article III, section 5, of the state's Constitution, as did its predecessor provision, article XX, section 6, provides that: "Suits may be brought against the state *in such manner* and in such courts as shall be directed by law." (Italics added.) Although reference is only to the state, the provision includes its political subdivisions. (*Hayashi* v. *Alameda County Flood Control,* 167 Cal.App.2d 584, 587 [334 P.2d 1048].) The Legislature may prescribe reasonable rules concerning claims and actions against a public entity different from those attending similar claims and actions against others. An illustration is the Tort Claims Act itself, the constitutionality of which is established. (See *Dias* v. *Eden Township Hospital Dist.,* 57 Cal.2d 502, 504 [20 Cal.Rptr. 630, 370 P.2d 334]; *Stanley* v. *City and County of San Francisco,* 48 Cal.App.3d 575, 578-581 [121 Cal.Rptr. 842]; *Lewis* v. *City and County of San Francisco,* 21 Cal.App.3d 339, 340-341 [98 Cal.Rptr. 407]; *Flournoy* v. *State of California,* 230 Cal.App.2d 520, 524-525 [41 Cal.Rptr. 190].)

In implementation of its constitutional authority the Legislature has prescribed the time and manner of filing claims against the state, and *the conditions under which it may be sued.* (*City of L. A.* v. *County of L. A.,* 9 Cal.2d 624, 629 [72 P.2d 138, 113 A.L.R. 370]; *Stanley* v. *City and County of San Francisco, supra,* 48 Cal.App.3d 575, 580; *Yasunaga* v. *Stockburger,* 43 Cal.App.2d 396, 401 [111 P.2d 34].) ■ A valid condition of the act is that "recovery will be denied where legal action is not brought against the state within the period prescribed by the statute . . . ." (*Stanley* v. *City and County of San Francisco, supra,* p. 579; *Chas. L. Harney, Inc.* v. *State of California,* 217 Cal.App.2d 77, 90 [31 Cal.Rptr. 524].) The prescribed statutes of limitations for commencement of actions against the state "are mandatory and must be strictly complied with . . . ." (*Chas. L. Harney, Inc.* v. *State of California, supra,* p. 90; see also *Stanley* v. *City and County of San Francisco, supra,* p. 579; *Yasunaga* v. *Stockburger, supra,* pp. 400-401; *Gill* v. *Johnson,* 103 Cal.App. 234, 237 [284 P. 510].)

*Hunter* v. *County of Los Angeles,* 262 Cal.App.2d 820, 822 [69 Cal.Rptr. 288], points out that the tort claims statute "does not indulge late suitors . . . [and that one's] right to sue the state and its political subdivisions, having been formulated by statute, *is circumscribed by the limitations within that statute.*" (Italics added.)

We are concerned with the Legislature's intent in the enactment of Government Code section 945.6, subdivision (a)(1). (*Harris* v. *Alcoholic Bev. etc. Appeals Bd.,* 223 Cal.App.2d 563, 571 [35 Cal.Rptr. 865]; and see

*People* ex rel. *Younger* v. *Superior Court,* 16 Cal.3d 30, 40 [127 Cal.Rptr. 122, 544 P.2d 1322].) ■ "In determining such intent '[t]he court turns first to the words [of the statute] themselves for the answer.' " (*Moyer* v. *Workmen's Comp. Appeals Bd.,* 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)

■ Turning to the statute we find, as previously indicated, the direction that under the Tort Claims Act an action must be commenced "not later than six months after the date [a notice of the claim's rejection] is *personally delivered or deposited in the mail.*" (Italics added.) According to plaintiff Smith's theory these emphasized words must be construed to require commencement of the action within *six months* after notice of the claim's written rejection is personally delivered, but within *six months, five days,* after it is deposited in the mail. Such an interpretation obviously does violence to any reasonable sense of semantics.

We observe further that Code of Civil Procedure section 1013 is a procedural statute of general application. The inconsistent requirement of Government Code section 945.6, subdivision (a)(1), on the other hand, is a specific statutory provision applicable only to actions under the Tort Claims Act. In such a case the special statutory enactment " 'will be considered as an exception to the general statute whether it was passed before or after such general enactment.' " (*People* v. *Gilbert,* 1 Cal.3d 475, 479 [82 Cal.Rptr. 724, 462 P.2d 580]; *In re Williamson,* 43 Cal.2d 651, 654 [276 P.2d 593].)

It is noted also that as first enacted (see Stats. 1963, ch. 1715, § 2, pp. 3384-3385) section 945.6 required that the action "must be commenced within six months after the date the claim is acted upon by the board, or is deemed to have been rejected by the board, . . ." In 1970 it was amended to read as it presently does: "not later than six months after the date such notice is personally delivered or deposited in the mail." The purpose was obviously to make more certain the period within which an action must be filed. If the intent was to prescribe one period of time upon personal delivery of notice of a claim's rejection and another upon deposit of it in the mail, we must reasonably assume the Legislature would have said so. (See *Rosas* v. *Montgomery,* 10 Cal.App.3d 77, 90 [88 Cal.Rptr. 907, 43 A.L.R.3d 537].)

We accordingly hold that Code of Civil Procedure section 1013 does not operate to extend the time, following deposit in the mail of a written

rejection of a claim against a public entity under the Tort Claims Act, within which an action on the claim must be commenced.

We make no determination in respect of section 1013's application in areas of our law other than the Tort Claims Act. And of course we are not here concerned with the time within which a minor is required to commence an action against the state or other public entity. (Cf. Code Civ. Proc., § 352; *Williams* v. *Los Angeles Metropolitan Transit Authority,* 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497].)

The summary judgment is affirmed.

Sims, Acting P. J., and Lazarus, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 2, 1977. Tobriner, J., and Mosk, J., were of the opinion that the petition should be granted.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.