*1034 Opinion
PANELLI, J.
George Wayne Olden sued the County of Contra Costa (hereafter the County) and 20 fictitiously named defendants on tort theories, alleging injuries caused by the defendants’ failure to provide him with necessary medical treatment and hospitalization while he was in custody at the county jail. After the applicable statute of limitations set forth in the Tort Claims Act[1] had run, Olden filed an amendment to his complaint, pursuant to Code of Civil Procedure section 474, substituting the names of respondents, five employees or former employees of the County, in place of five fictitiously named defendants.[2]
 These substituted employee defendants successfully moved to strike that amendment on the ground that the claims against them were barred by the statute of limitations, and this appeal followed.[3] We reverse.
Pursuant to Government Code section 945.6, a suit against a public entity on a cause of action for which a claim is required to be filed must be commenced within six months of service of notice of rejection of the claim.[4] Presentation of a claim against a public employee or former public employee for injury resulting from an act or omission in the scope of his public employment is not a prerequisite to the maintenance of an action against the employee, but presentation of a claim against the employing public entity is a prerequisite to bringing such an action. (§§ 911.2, 945.4, 950, 950.2.) Section 945.6 requires an action against the employee to be commenced within the time prescribed for bringing an action against the public entity. (§§ 950.2, 950.6.)
Olden presented a timely claim for personal injuries to the County, as required by section 911.2, and stated therein that the names of the public employees responsible for his injuries were unknown to him at that time. The County rejected the claim on or about June 9, 1981, and notice of the rejection was served upon Olden’s counsel. Olden’s complaint, filed Octo *1035 ber 9, 1981, and his amended complaints, contained what is commonly referred to as a “Doe clause,” alleging that a certain number of defendants fictitiously named “Doe” (in this case 20) were responsible for the acts complained of, that their true names were unknown to the plaintiff, and that leave to amend would be sought to add their true names when ascertained. It was also alleged that each defendant sued as “Doe” was an agent and employee of the remaining defendants and acted within the scope of such agency and employment.
Olden’s amendment substituting the names of the employee defendants for Does I through V was filed on May 12, 1983. On June 21, 1983, the trial court granted the employee defendants’ motion to strike the amendment.[5] Olden contends on appeal that the motion was improperly granted because, pursuant to Code of Civil Procedure section 474 (hereafter section 474), the amendment related back to the filing of the original complaint on October 9, 1981, within the six-month statute of limitations. The employee defendants contend that the motion was properly granted because section 474 does not apply to actions against public employees under the Tort Claims Act. We disagree.
Section 474 provides in pertinent part: “When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . . .” It is a well established rule that when a complaint sets forth a cause of action against a defendant designated by a fictitious name and his true name is thereafter discovered and substituted by amendment, he is considered a party to the action from its commencement so that the statute of limitations stops running as of the date the original complaint was filed. (Austin v. Massachusetts Bonding & Insurance Co. (1961) 56 Cal.2d 596, 599 [15 Cal.Rptr. 817, 364 P.2d 681]; Munoz v. Purdy (1979) 91 Cal.App.3d 942, 946 [154 Cal.Rptr. 472]; Cooper v. Jevne (1976) 56 Cal.App.3d 860, 873 [128 Cal.Rptr. 724],)[6]
*1036 In Cooper v. Jevne, supra, 56 Cal.App.3d 860, 872-873, the court held that an amendment substituting county building inspectors for fictitiously named defendants after the six-month period specified in section 945.6 had expired related back, for statute of limitations purposes, to the time of filing of the original complaint. The court there apparently assumed, without discussion, that the relation-back doctrine with respect to defendants originally named fictitiously pursuant to section 474 applies to actions against public employees under the Tort Claims Act, just as it applies to other civil actions. The employee defendants here contend that the relation-back doctrine was erroneously applied in Cooper, and that under the rationale of Chase v. State of California (1977) 67 Cal.App.3d 808 [136 Cal.Rptr. 833], that doctrine should not be applied in suits against public employees. We find Chase inapposite to the present case and conclude that the rule applied in Cooper is correct and supported by sound policy considerations.
In Chase, a timely claim for personal injuries was presented to the public entity, the state, and rejected. Within the six-month statute of limitations specified in section 945.6, the plaintiff commenced an action with respect to the accident upon which the claim had been based, naming several specified defendants and a number of fictitiously named defendants. The state was not named as a defendant in the action. After the six-month statutory period had expired, the plaintiff filed an amended complaint, substituting the state for “Doe Twenty.” A demurrer on the basis of the statute of limitations was sustained, and the Court of Appeal affirmed, holding that in the circumstances of that case the plaintiff had not commenced his action against the public entity within the six-month period of limitations, which is mandatory and must be strictly complied with. (67 Cal.App.3d 808, 812-814.) We do not believe that Chase provides logical support for the position of the employee defendants in this case. Clearly the plaintiff in Chase knew the identity of the public entity, as he had filed a claim against it.[7] Thus he could not possibly have met the requirement of good faith ignorance of the name of a defendant under section 474. Indeed, because presentation of a claim to a public entity is a prerequisite to bringing suit against it (§ 945.4), it appears that a plaintiff could never effectively utilize a fictitiously named defendant to bring in a public entity defendant. Either his action would be barred for failure to present a claim, or he would know the identity of the entity to whom he had presented the claim and thus not be ignorant of its *1037 name.[8] In our opinion, the statutory scheme does not similarly preclude the use of a fictitiously named defendant to sue a public employee since only á claim against the public entity, and not against the individual employee, is a prerequisite to bringing suit. (§§ 950, 950.2.)
The purpose of section 474 is to enable a plaintiff to avoid the bar of the statute of limitations when he is ignorant of the identity of the defendant. (Munoz v. Purdy, supra, 91 Cal.App.3d 942, 946; Motor City Sales v. Superior Court, supra, 31 Cal.App.3d 342, 345.) The statute must be liberally construed to that end. (Ibid.; Barrows v. American Motors Corp. (1983) 144 Cal.App.3d 1, 8 [192 Cal.Rptr. 380]; Miller v. Thomas (1981) 121 Cal.App.3d 440, 444 [175 Cal.Rptr. 327].) Such construction is supported by “the policy favoring liberality in the amendment of pleadings to encourage litigating causes on their merits.” (Marasco v. Wadsworth (1978) 21 Cal.3d 82, 89 [145 Cal.Rptr. 843, 578 P.2d 90]; accord Smeltzley v. Nicholson Mfg. Co. (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].) One commentator has described the judicial treatment which has been accorded the statute as “the expansive interpretation given to section 474 throughout its history.” (Hogan, California’s Unique Doe Defendant Practice: A Fiction Stranger Than Truth (1977) 30 Stan.L.Rev. 51, 76 [hereafter cited as Doe Defendant Practice].)
Applying the foregoing principles to the present case, we determine that an amendment to a complaint meeting the requirements of section 474 relates back to the date of filing of the original complaint in an action against a public employee or former public employee under the Tort Claims Act. There is no statutory provision precluding application of section 474 to such an action. Had the Legislature intended that the section not apply in such circumstances, it would have said so. Absent such a provision, “the fundamental philosophy that ‘cases should be decided on their merits’ [citations]” (see Smeltzley v. Nicholson Mfg. Co., supra, 18 Cal.3d 932, 939) dictates application of section 474 here. (Cf. Ramos v. Madera (1971) 4 Cal.3d 685, 692 [94 Cal.Rptr. 421, 484 P.2d 93] [“Unless the Legislature has clearly provided for [governmental] immunity, the important societal goal of compensating injured parties for damages caused by willful or negligent acts must prevail.”]; Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 2.6, p. 36 [hereafter cited as CEB]; id. (CEB Supp. 1983) p. 3.)
*1038 Moreover, the circumstances of this case aptly demonstrate the propriety of the use of section 474. Here the employee defendants whose names were added by the amendment were persons who were on duty in the sheriff’s department when Olden was transported to, and confined in, the county jail and was, according to his complaint, in severe need of medical treatment. It is thus not surprising that he did not know their individual names at the time suit was filed. And that he did not, or was not able to, discover their names during the relatively brief period of limitations (one hundred days within which to present a claim; six months from rejection of the claim within which to file suit) is also not surprising.[9] During the early stages of the litigation, demurrers to the original and two amended complaints were filed, and hearings were held on two of the three demurrers. It was only after answers to interrogatories were supplied in October 1982, and two sets of depositions were taken, concluding in April 1983, that Olden was able to narrow the number of employees of the sheriff’s department who were involved in the occurrences relevant to his complaint first to twenty-four and then to five, and then to identify those five as the persons named in the amendment filed on May 12, 1983. To require a plaintiff in this situation to identify and specifically name public employee defendants within six months of rejection of a claim by the public entity would have the objectionable result, in our view, of creating unnecessary litigation through the naming of a greater number of employees than were actually involved in the occurrences relating to the lawsuit. (See Munoz v. Purdy, supra, 91 Cal.App.3d 942, 947-948 [imposing a requirement under section 474 that a plaintiff use reasonable diligence to identify a defendant both before and after filing a complaint “would lead to the harmful practice in all litigation of requiring that all persons who might conceivably have some connection with the lawsuit be specifically named [within the period of limitations] in order to avoid the sanctions of the failure to comply with the inquiry requirements of section 474”].)
In Munoz v. Purdy, supra, 91 Cal.App.3d 942, 947, the court weighed the competing considerations involved in an application of section 474 and concluded that “[presumedly, the statutory scheme involving [Code Civ. Proc.] sections 340.5 [a one-year statute of limitations], 474 and 581a, subdivision (a), which places a limit of three years after the filing of the action to identify and serve all defendants including the unknown defendant, has been a satisfactory compromise between the harsh effect on a plaintiff of the statute of limitations and the unfairness to a defendant of attempting to litigate a stale claim.” We similarly conclude that the interaction of sec *1039 tion 945.6 of the Government Code (a shorter statute of limitations than that involved in Munoz) and sections 474 and 581a, subdivision (a), of the Code of Civil Procedure provides a satisfactory balancing of those competing interests.[10] Consequently, we hold that section 474 does apply to an action brought against a public employee or former public employee under the Tort Claims Act.
The order granting the motion to strike the amendment to the complaint is reversed, and the cause is remanded for further proceedings consistent with the views expressed herein.
Poché, Acting P. J., and Haugner, J.,* concurred.

These interrelated statutory provisions enacted in 1963 (Gov. Code, § 810 et seq.) were not given a “short title” by the Legislature. The terminology “Tort Claims Act” is consistent with judicial practice. (See, e.g., Societa per Azioni de Navigazione Italia v. City of Los Angeles (1982) 31 Cal.3d 446 [183 Cal.Rptr. 51, 645 P.2d 102], cert. den. - U.S. - [74 L.Ed.2d 386, 103 S.Ct. 346]; Wilson v. San Francisco Redevelopment Agency (1977) 19 Cal.3d 555 [138 Cal.Rptr. 720, 564 P.2d 872].)

The respondents are James Hatchell, William Abbey, James Alexander, Donald Crowe, and Elaine Oviatt. They are hereafter referred to as “the employee defendants.”

Since no issues were left to be determined between Olden and the employee defendants, the order granting the motion to strike is appealable as a final judgment. (See Wilson v. Sharp (1954) 42 Cal.2d 675, 677 [268 P.2d 1062]; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 868, p. 2470.)

All further statutory references are to the Government Code unless otherwise indicated.

The court’s order erroneously recited that it was granting the motion to strike of the County. The motion to strike was actually made by the employee defendants. We deem the wording of the order an oversight and accordingly amend the order to grant the motion of the employee defendants. (Cf. Molien v. Kaiser Foundation Hospitals (1980) 27 Cal.3d 916, 920-921 [167 Cal.Rptr. 831, 616 P.2d 813, 16 A.L.R.4th 518] [judgment amended by Supreme Court to correct oversight and conform to trial court’s intention]; National Indemnity Co. v. Demanes (1978) 86 Cal.App.3d 155 [150 Cal.Rptr. 117] [judgment amended by appellate court to incorporate actual decision of trial court].)

For the rule to apply, it is necessary that the plaintiff actually be ignorant of the name or identity of the fictitiously named defendant. (Munoz v. Purdy, supra, 91 Cal.App.3d 942, 947; Motor City Sales v. Superior Court (1973) 31 Cal.App.3d 342, 346 [107 Cal.Rptr. *1036 280].) No issue has been raised here with respect to Olden’s good faith ignorance of the defendant employees’ names at the time his complaint was filed, and we assume such actual ignorance on his part.

The Chase court observed that the plaintiff’s failure to name the state as a defendant apparently “was not inadvertent but was instead purposeful and intentional.” (67 Cal.App.3d 808, 812-813.)

Alternative means of satisfying the prerequisite of presentation of a timely claim (§ 945.4) are (1) the presentation of a late claim pursuant to permission of the public entity (§ 911.4), and (2) the obtaining of a court order granting relief from the claim presentation requirement after a denial of an application for leave to present a late claim (§ 946.6). Obviously, both of these alternatives also involve knowledge of the identity of the public entity.

It has been noted that the majority of cases in which the plaintiff benefits under section 474 are personal injury actions, and that the shorter the period of limitations, the greater the need for application of the statute. (Doe Defendant Practice, supra, 30 Stan.L.Rev. 51, 92-94.)

We note that the Legislature has apparently recognized that a plaintiff often encounters difficulty in identifying public employees. If a plaintiff did not know, or have reasons to know, “within the period for the presentation of a claim to the employing public entity,” that his injury “was caused by an act or omission of the public entity or by an act or omission of an employee” thereof, compliance with the rule that a claim must be presented to the employer entity as a condition to suit against the employee is not required. (§ 950.4; CEB, supra, § 5.66, p. 551.)

Assigned by the Chairperson of the Judicial Council.