[No. B064795. Second Dist., Div. Five. Nov. 16, 1992.]

LEWIS JOHN CARLINO II, Plaintiff and Appellant, v.
LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Defendant
and Respondent.

**COUNSEL**

Manuel Hidalgo and Stanley Y. Lew for Plaintiff and Appellant.

Wasserman, Comden & Casselman, Catherine S. Garcia, Paul Kujawsky and David B. Casselman for Defendant and Respondent.

**OPINION**

GRIGNON, J.—Plaintiff and appellant Lewis Carlino II appeals from a judgment of dismissal following an order sustaining, without leave to amend, a demurrer to his third amended complaint. Defendant and respondent Los Angeles County Flood Control District successfully demurred on two grounds: (1) plaintiff failed to substantially comply with government claims filing statutes; and (2) plaintiff failed to timely file his action against respondent. We reverse.

### FACTS AND PROCEDURAL BACKGROUND

The operative facts are as alleged in appellant's third amended complaint for damages, filed on December 18, 1991.[1] In April 1988, appellant was walking on a "combination pier walkway-[storm drain]" (hereinafter, the pier) located at Dockweiler State Beach in Playa del Rey. Appellant fell from the pier and is now a paraplegic. The pier had been allowed to decay, exposing slabs of concrete attached to the pier which posed a substantial and unreasonable risk of injury to the beach-going public. The pier was designed, installed, maintained, repaired, and controlled by respondent. Appellant alleged negligence by respondent in failing to: (1) warn of this dangerous condition; (2) provide adequate lighting in this area; (3) provide safety modifications such as handrails, sand cover, or nonskid surfaces; or (4) fence off this area of the beach. The complaint also named the State of California and the County of Los Angeles as defendants. With respect to compliance with applicable Government Code provisions, the complaint alleged:

"20.   That the Board of Supervisors of the County of Los Angeles is the proper governing body to file [appellant's] claim for damages against the

---

[1]Appellant's original complaint in this action apparently named the County of Los Angeles, the City of Los Angeles, the State of California, and certain Does as defendants. Two years later, on May 22, 1991, appellant filed his first amended complaint, which named respondent as an additional defendant for the first time. Respondent apparently was substituted for a Doe defendant. On September 4, 1991, appellant served a second amended complaint on respondent, which identified respondent as a prior Doe defendant.

County of Los Angeles and the Los Angeles Flood Control District. As to the latter, a letter [from the County of Los Angeles] dated May 29, 1991, clarified that indeed the Board of Supervisors of the County of Los Angeles accepted the Claim Form on behalf of the Los Angeles County Flood Control District. . . .[2]

"21. On October 7, 1988, [appellant] filed a claim for damages arising out of the subject April 10, 1988 accident with the Board of Supervisors of the County of Los Angeles, informing them that this subject accident had occurred on a combination pier-[storm drain] located on a beach maintained by the County of Los Angeles. . . .

"22. From the wording of the claim, Exhibit 'D,' it is precise and clear that the accident occurred on a specifically described pier-[storm drain] that the Board of Supervisors of the Los Angeles County had actual knowledge is a facility of the Los Angeles County Flood Control District in which District the Los Angeles County Board of Supervisors is a governing body. Thus this claim involving said pier-[storm drain] was properly filed with the Board of Supervisors of Los Angeles County and served as proper notice to the Los Angeles County Flood Control District.

"23. From the wording of the claim, Exhibit 'D,' it is also precise and clear that the accident occurred on a beach maintained by the County of Los Angeles and the location of this beach is specifically described in said claim. This is adequate and proper notice to the County of Los Angeles which is in charge of its various departments and employees such as the Department of Beaches and Harbors.

"24. The subject claim, Exhibit 'D,' filed as aforesaid is proper and adequate notice to the County of Los Angeles and the Los Angeles County Flood Control District, and as such public entities have not responded to such notice filed on October 7, 1988, and as [appellant] has received no response to such claim, the claim is therefore deemed denied."

Attached to the complaint was the claim filed by appellant on October 7, 1988, with the Board of Supervisors of the County of Los Angeles.[3] Also attached to the complaint was an operating agreement executed by respondent and Los Angeles County, effective January 1, 1985. This agreement

---

[2]That letter read in pertinent part, ". . . a claim involving the subject pier walkway and [storm drain] incident should be filed with the County of Los Angeles because the Los Angeles County Board of Supervisors are Directors of the Flood Control District."

[3]The record on appeal does not indicate that this claim was formally rejected, and the parties appear to agree that no written rejection was received.

authorized the county to perform certain duties of respondent and provided to the county the authority to transfer respondent's employees to the county's department of public works.

Respondent demurred to the complaint.[4] Respondent contended that appellant had failed to file a government claim, and the complaint was barred by the one-year and two-year statutes found at sections 340, subdivision (3) and 342 of the Code of Civil Procedure. Finally, respondent asserted that the complaint was barred by the two-year mandatory filing requirement of Government Code section 945.6, subdivision (a)(2). Respondent contended that appellant had submitted a government claim to the board of supervisors for his claims against the county and respondent on October 7, 1988, but that no claim had been presented to respondent itself.

Appellant opposed the demurrer on the ground that he had substantially complied with the claims filing statutes, by presenting a claim to the board of supervisors.[5] Appellant maintained that he was not aware of the true name and capacity of respondent at the time he filed the claim with the board of supervisors, especially since both respondent and the county are controlled by the board of supervisors. Appellant also argued with respect to the statute of limitations issues, that for demurrer purposes, allegations of ignorance of the true names and capacities of his Doe defendants must be deemed to be true.

A hearing on the demurrer to the third amended complaint was held on January 16, 1992. After taking the matter under submission, the demurrer was sustained without leave to amend on January 17, 1992. The court noted in its minute order that the cause of action against respondent was barred by section 945.6 of the Government Code and section 342 of the Code of Civil Procedure. A judgment of dismissal was entered on January 17, 1992. This appeal followed.

DISCUSSION

*Standard of Review*

■ The rules which guide our review of an order sustaining a general demurrer were summarized in *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58]:

---

[4]Respondent had earlier demurred to the second amended complaint on the ground that no government claim was filed against respondent and that the Doe statutes could not be used to avoid a statute of limitations against a governmental entity. The demurrer was sustained with leave to amend on this latter ground, under the authority of *Chase* v. *State of California* (1977) 67 Cal.App.3d 808, 811-814 [136 Cal.Rptr. 833].

[5]That claim was in the amount of $10,111,372.83.

" 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We also consider matters which may be judicially noticed.' [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citation.] The burden of proving such reasonable possibility is squarely on the plaintiff."

*Did Appellant Substantially Comply With the Government Claims Filing Statutes?*

■ In order to sue a public entity for property damage or personal injury, a plaintiff must first comply with the claims filing procedures set forth in Government Code section 900 et seq. A claim relating to a cause of action for personal injury must be presented within six months after the accrual of the cause of action. (Gov. Code, § 911.2.) The cause of action accrues on the same date upon which it accrues for statute of limitations purposes. (Gov. Code, § 901.) If a claim is required to be presented, no suit may be filed against the public entity unless and until a written claim has been presented and either acted upon or deemed rejected. (Gov. Code, § 945.4.) Substantial compliance with the claims filing statutes will suffice. (*Jamison* v. *State of California* (1973) 31 Cal.App.3d 513 [107 Cal.Rptr. 496].)

■ We must first determine, therefore, whether respondent has demonstrated by its demurrer that appellant failed to comply with the claims filing statutes as they apply to respondent. We find that no such showing was made on respondent's demurrer.[6] ■ Respondent's points and authorities argue that respondent is a separate legal entity and a claim should have been filed

---

[6]Respondent argues appellant has *admitted* that no claim was filed with respondent, citing appellant's declaration in support of his motion to have his attorney discharged. That declaration stated in pertinent part:

"I am very dissatisfied with my present attorney . . . due to [his] utter failure to diligently prosecute my case in a timely and professional manner . . . [including] his failure at the outset of the action, to properly file a claim with and properly sue the Los Angeles County Flood Control District. . . ."

We reject this contention. It is not clear that appellant, in making the foregoing declaration, was actually admitting that no claim was filed. Furthermore, whether a claim was filed is an ultimate legal issue in this matter, and not a factual one, particularly since that determination

directly with respondent, instead of with the board of supervisors. As noted, *ante*, we must assume, for purposes of demurrer, that the allegations of the complaint are true. Those allegations establish that the board of supervisors is the proper body with which to file the claim; appellant was so advised by the county; and the claim, which specifically described the accident location, was sufficient notice to respondent of any charge against it.[7] Respondent did not request that the trial court take judicial notice of any matters which might indicate its argument is correct. In the face of the allegations of the complaint, we must assume appellant complied with applicable Government Code sections by delivering its claim to the board of supervisors.

■ Even were we to conclude appellant should have filed his claim directly with respondent, we find that appellant did, in fact, substantially comply with this requirement. Although the Los Angeles County Flood Control District is a separate legal entity, it appears that it is ultimately controlled by the board of supervisors.

This case is on all fours with that of *Elias* v. *San Bernardino County Flood Control Dist.* (1977) 68 Cal.App.3d 70, 73 [135 Cal.Rptr. 621]. In that case, the plaintiff was injured when his truck overturned on a dirt road which led to the county dump. The plaintiff timely filed a claim for damages with the Board of Supervisors of San Bernardino County. The Board of Supervisors of San Bernardino County denied the claim. The plaintiff filed a complaint for damages against San Bernardino County and Doe defendants. San Bernardino County answered the complaint but did not disavow jurisdiction over the road involved in the accident. One year after San Bernardino County answered the complaint, San Bernardino County obtained summary adjudication " 'only as to the cause of action based on the ownership of the real property in question' " on the ground that it did not own the subject road, which was the property of the San Bernardino County Flood Control District. The plaintiff amended his complaint, naming the San Bernardino County Flood Control District as a Doe defendant. The San Bernardino County Flood Control District demurred on the basis that the plaintiff had not filed a claim with it. The demurrer was overruled on the ground that the plaintiff had substantially complied with the statute, but a different judge later granted summary judgment to the San Bernardino County Flood Control District, rejecting the substantial compliance claim. On appeal, the court found that the plaintiff had substantially complied with the government claims filing statutes and the judgment was reversed.

rests upon an analysis of whether appellant substantially complied with the claims filing statutes. That is the province of this appellate court.

[7]None of the attachments to the complaint contradict the allegations in question.

If a claim satisfies the purposes of the claims statutes without prejudice to the government, substantial compliance will be found. (*Elias* v. *San Bernardino County Flood Control Dist.*, *supra*, 68 Cal.App.3d at p. 74.) The *Elias* court held:

"It is true that the District is a legal entity separate and apart from the county. However, the county board of supervisors and all county officers are ex officio the board of supervisors and officers of the District and as such are empowered to perform the same duties for the District as they perform for the county. [Citations.] One of the duties of the board of supervisors is to review and act upon all claims whether they be addressed to the county or to the District. Plaintiff's claim apprised the board of supervisors that he was in substance seeking damages for injuries he sustained by reason of the alleged dangerous and defective condition of certain described public property. Inasmuch as the property was in fact owned by the District, the claim, though addressed to the county, was sufficient to alert the board of supervisors that a claim was being asserted against the governmental entity that owned and controlled the property whether it be the county or the District. Consequently the claim may be deemed to have been presented to the board of supervisors as the governing body of the District. To have required plaintiff to file another claim addressed to the District would in no way have advanced the purposes of the claims act; it would not have given the District any more information than the board of supervisors already possessed. The doctrine of substantial compliance requires no more than that the governmental entity be apprised of the claim, have an opportunity to investigate and settle it and incur no prejudice as a result of plaintiff's failure to strictly comply with the claims act. [Citation.] These conditions have been met here." (68 Cal.App.3d at p. 75.)[8]

The same considerations compel the conclusion that appellant herein substantially complied with Government Code section 945.4, when he filed a timely claim with the board of supervisors. We take judicial notice of West's Annotated Water Code Appendix, section 28-2, (Statutes 1915, chapter 755, page 1502, Deering's Water-Uncodified Acts (1970 ed.) Act 4463, p. 508, 71), establishing the Los Angeles County Flood Control District, which appears identical to the statutes establishing the San Bernardino County Flood Control District, which were at issue in *Elias* v. *San Bernardino*

---

[8]Compare *Jackson* v. *Board of Education* (1967) 250 Cal.App.2d 856, 860 [58 Cal.Rptr. 763] (plaintiff suing Los Angeles City Board of Education did not substantially comply with claims filing statutes by filing with Los Angeles City Clerk, since by statute, the board of education would be responsible for liability and city clerk is not a subordinate officer of the board of education) and *Kaslavage* v. *West Kern County Water Dist.* (1978) 84 Cal.App.3d 529, 538-539 [148 Cal.Rptr. 729] (no evidence in record that members of Board of Supervisors of Kern County are also members of board of respondent. Here, in contrast, we have taken judicial notice of the statutes establishing such joint governance).

County, *supra*. West's Annotated Water Code Appendix, section 28-2 provides that the board of supervisors and all county officials, including the county counsel and county clerk, are ex officio board members and officers of respondent.[9] The claims filing statutes should not be used as traps for the unwary where their purpose has been satisfied. (*Elias* v. *San Bernardino County Flood Control Dist.*, *supra*, 68 Cal.App.3d at p. 75.)[10]

*Is Appellant's Complaint Barred by Applicable Statutes of Limitations?*

Appellant also maintains that the suit on his claim was timely filed. Any suit brought against a public entity on a cause of action for which a claim is required to be presented must be commenced within six months after the date the claim is rejected in writing pursuant to section 911 of the Government Code. (Gov. Code, § 945.6, subd. (a)(1).) If written notice of rejection is not given, then the action must be commenced within two years from the accrual of the cause of action. (Gov. Code, § 945.6, subd. (a)(2).)

Since appellant's cause of action for personal injury accrued on April 10, 1988, his action must have been filed within two years of that date, April 10, 1990. Respondent was not named in this lawsuit until appellant filed a first amended complaint on May 22, 1991, substituting respondent for a Doe defendant named in the original complaint filed on April 7, 1989. Thus, the sole issue with respect to the statute of limitations is whether the substitution of respondent for a Doe defendant "relates back" to the filing of the original complaint and is, therefore, timely.

Respondent argues that for reasons of public policy, the Doe defendant statutes[11] may not be relied upon to escape applicable statutes of limitations in actions against governmental entities. Respondent relies upon *Chase* v. *State of California*, *supra*, 67 Cal.App.3d 808, in which a judgment of dismissal was affirmed for failure to bring an action against the State of California within the six-month statutory period. In *Chase*, the plaintiff timely presented a claim against the State of California which was subsequently rejected by the State Board of Control. However, the plaintiff chose

---

[9]We reject respondent's argument that *Elias* is distinguishable because in *Elias*, the plaintiff simply named the wrong party and did not proceed against both the county and the flood control district. In *Elias*, the complaint against the county was summarily adjudicated on one cause of action only. Apparently, the county remained a defendant as to other causes of action. The opinion is not clear as to the nature of the remaining causes of action against the county.

[10]The policy favoring liberal construction of *claims* against government entities does not apply to *suits* against government entities. (Compare *County of Los Angeles* v. *Continental Corp.* (1952) 113 Cal.App.2d 207, 219-223 [no res judicata effect against county flood control district of judgment against county]; *Riverside County Flood Control and Water Conservation District* v. *Joseph W. Wolfskill Co.* (1957) 147 Cal.App.2d 714, 717-718 (suit against county flood control district is not suit against county for purposes of change of venue statute].)

[11]See Code of Civil Procedure sections 472, 473, 474, and 576.

not to name the State of California as a defendant when he timely brought suit against other defendants.

In the plaintiff's amended complaint substituting the State of California as a Doe defendant pursuant to section 474 of the Code of Civil Procedure, the plaintiff alleged that he did not learn of "'facts indicating the State's involvement in the subject accident'" until four months prior to filing the amended complaint. (*Chase* v. *State of California, supra,* 67 Cal.App.3d at pp. 810-811.) Noting "the failure to name the State as a defendant, or to allege a cause of action against it, was not inadvertent but was instead purposeful and intentional," the Court of Appeal held that under such circumstances, section 474 of the Code of Civil Procedure did not apply, since its application would undermine the strict statutory requirement that personal injury actions must be brought against the state within six months of accrual.

We find *Chase* to be inapposite, since it involved a plaintiff who intentionally failed to name as a defendant a known public entity against which he had earlier presented his claim for personal injuries. The plaintiff in *Chase* could not maintain in good faith that he was "ignorant of the name of a defendant." (Code Civ. Proc., § 474; see discussion in *Olden* v. *Hatchell* (1984) 154 Cal.App.3d 1032, 1036 [201 Cal.Rptr. 715] emphasizing that "clearly the plaintiff in *Chase* knew the identity of the public entity, as he had filed a claim against it.") Moreover, we find unpersuasive the dicta in *Olden, supra,* to the effect that the Doe amendment statute may never be relied upon to sue a public entity, because either the plaintiff would fail to present a timely government claim or he or she would know the identity of the entity to whom he or she had presented a claim.[12]

We conclude that this case represents a third but narrow species of cases: the plaintiff is, in good faith, ignorant of the true identity of the defendant, but has substantially complied with the claims presentation requirements by fortuitously filing a claim with the public entity which would respond to a similar claim against the Doe defendant.[13] Appellant's complaint against respondent is, therefore, not barred by the applicable statutes of limitations.

---

[12]"Indeed, because presentation of a claim to a public entity is a prerequisite to bringing suit against it ([Gov. Code,] § 945.4), it appears that a plaintiff could never effectively utilize a fictitiously named defendant to bring in a public entity defendant. Either his action would be barred for failure to present a claim, or he would know the identity of the entity to whom he had presented the claim and thus not be ignorant of its name." (*Olden* v. *Hatchell, supra,* at pp. 1036-1037.)

[13]We note also that in *Elias,* the flood control district was added to the complaint as a Doe defendant, although apparently this issue was not raised in the appeal.

---

## DISPOSITION

The judgment is reversed. Respondent shall bear costs on appeal.

Turner, P. J., and Jackson, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied February 18, 1993. Panelli, J., and Baxter, J., were of the opinion that the petition should be granted.

---

*Judge of the Municipal Court for the Antelope Judicial District sitting under assignment by the Chairperson of the Judicial Council.