[No. B041990. Second Dist., Div. Three. Aug. 25, 1989.]

CITICORP NORTH AMERICA, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
KF DAIRIES, INC., Real Parties in Interest.

COUNSEL

Munger, Tolles & Olson, Ronald L. Olson, Cary B. Lerman, Shearman & Sterling, William M. Burke and William J. F. Roll III for Petitioners.

No appearance for Respondent.

Irell & Manella, Sheldon Eisenberg and Steven P. Jacobi for Real Parties in Interest.

OPINION

CROSKEY, J.—Petitioners (Citicorp North America, Inc., Security Pacific Business Credit, Inc., Wells Fargo Business Credit, Inc., Goldome, and National Bank of Canada) (petitioners) seek a writ of mandate directing the trial court to vacate its order dated May 8, 1989, striking as untimely their motion to disqualify the trial judge under Code of Civil Procedure section 170.6.[1]

---

[1] Unless otherwise indicated all statutory references are to the Code of Civil Procedure.

This writ proceeding presents for resolution the novel question of whether a party to a coordination proceeding has an additional five days, beyond the twenty days provided for in rule 1515, California Rules of Court[2] to assert a challenge to the assigned trial judge where the order of assignment has been served by mail. We conclude that a fair reading of section 1013 and rules 1504(a) and 1515 compels the conclusion that section 1013 does apply to extend the 20-day time period set out in rule 1515. We therefore grant the writ.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are essentially undisputed. Petitioners are the defendants in all of the included actions in Judicial Council Coordination Proceeding No. 2138, entitled In re Knudsen Milk Producers Litigation (coordination proceeding) which is now pending in the trial court below.[3] The coordination proceeding was established by order of the Judicial Council in December 1987. Since that time five different trial judges have been assigned to hear various proceedings in the matter. During the period from January 1988 until March 1989, Judges Higa, Stanton and Frisco presided.

In March 1989, Judge Ronald M. Sohigian was assigned as the trial judge. On March 29 plaintiffs in the coordinated case entitled In re K.F. Dairies, Inc., et al. v. Citicorp North America, Inc., et al. (real parties herein; hereinafter KFD) filed a motion disqualifying Judge Sohigian under section 170.6. On April 13, 1989, the Chairperson of the Judicial Council assigned Judge Abby Soven to replace him. The order of such assignment was served on the parties by mail on that same date.

On May 5, 1989, petitioners served on all other parties, and submitted to Judge Soven, a written motion for her peremptory disqualification under section 170.6. On May 8, 1989, Judge Soven entered a minute order striking petitioners' motion as untimely.

Petitioners sought a writ of mandate from this court. On May 26, 1989, we issued an alternative writ and an order staying all further proceedings

---

[2] Unless otherwise indicated all references to rules are to the California Rules of Court.

[3] Section 404 et seq., and rule 1501 et seq., provide for the judicial coordination of actions filed in different courts which share common questions of fact or law. The object of the procedure is to promote judicial efficiency and economy by providing for the unified management of both the pretrial and trial phases of the coordinated cases. This is accomplished by the assignment of all of the cases to a single judge who thereafter may try the cases in one or more trials in one or more courts. (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, §§ 309-311, at pp. 361-365.) Thus, these cases necessarily will involve multiple parties and counsel who are often located in two or more counties.

"pending determination of the within petition or further order of this court."[4]

## ISSUE PRESENTED

We have only a single question to answer. Where the order of assignment has been served by mail, does section 1013 extend the time in which a party to a coordination proceeding may file a motion challenging the assigned trial judge under section 170.6?

## DISCUSSION

The record reflects without dispute that the order assigning Judge Soven as the coordination trial judge was dated April 13, 1989, and was served by mail on the same date. Any challenge to Judge Soven, under section 170.6, is governed by rule 1515: "Any motion or affidavit of prejudice regarding an assigned judge *shall* be submitted in writing to the assigned judge *within 20 days after service* of the order . . . ." (Italics added.)[5]

It is also undisputed that petitioners served on all parties, and submitted to Judge Soven, a written motion for her disqualification under section 170.6 on Friday, May 5, 1989, *22 days* after service (by mail) of the assignment order.

■ This was obviously untimely, and the trial court was correct in striking the motion, unless the 20-day period provided for in rule 1515 had been extended. Petitioners claim that the manner of service of the order of assignment did result in an extension of the deadline. They cite section 1013 which states in pertinent part: ". . . [S]ervice [by mail] *is complete at the time of the deposit* [in a post office or other likely facility regularly maintained by the United States Postal Service], but any prescribed period of notice *and any right or duty to do any act or make any response within any prescribed period* . . . after the service of such document served by mail *shall be extended five days* if the place of address is within the State of

---

[4] Prior to the filing of petitioners' motion Judge Soven had initiated action intended to force completion of a number of pretrial matters. On April 21, 1989, she issued a minute order (1) continuing a hearing on several demurrers to June 9, 1989, (2) notifying the parties that a preliminary trial conference would be held immediately after the hearing on the demurrers, and (3) directing all parties to be prepared to designate liaison counsel and to participate in establishing a timetable to trial. Such proceedings have been stayed by our order of May 26, 1989.

[5] The Judicial Council's authority for adopting this rule is set out in section 404.7: "*Notwithstanding any other provision of law,* the Judicial Council shall provide by rule the practice and procedure for coordination of civil actions in convenient courts, including provision for giving notice and presenting evidence." (Italics added.)

California . . . ." (Italics added.) The rules governing the coordination of civil actions state that unless otherwise provided in the rules, "all provisions of law applicable to civil actions generally apply regardless of nomenclature to an action included in a coordination proceeding . . . ." (Rule 1504(a).)[6]

Petitioners argue, not surprisingly, that the plain language of the cited statute and rules, as applied to these circumstances, gave them a 25-day period in which to file and serve a motion challenging Judge Soven; thus, they argue, they had until May 8, 1989, to file such motion and therefore they made a timely filing on May 5, and Judge Soven was thereafter without jurisdiction to act in the case.

Relevant case law supports their position. ■ Section 1013 is a procedural statute of general application (*Simpson* v. *Williams* (1987) 192 Cal.App.3d 285, 289 [238 Cal.Rptr. 566]) and it is not limited only to rules or statutes which expressly incorporate its terms. It has been broadly construed. (*California Accounts, Inc.* v. *Superior Court* (1975) 50 Cal.App.3d 483, 486-487 [123 Cal.Rptr. 304].) In the absence of an exception expressly created by statute or rules,[7] section 1013 applies to extend *any* prescribed time period following service by mail. (*Richards* v. *Miller* (1980) 106 Cal.App.3d Supp. 13, 17 [165 Cal.Rptr. 276].) It is a "service" statute and was intended by the Legislature to extend statutory deadlines and time periods initiated or triggered by a notice, document, or request *which is served by mail*. (*Simpson* v. *Williams, supra,* 192 Cal.App.3d at pp. 288-289.) Indeed, a distinction has even been drawn between a statute's use of the term "service," on the one hand, and the terms "mailing" or "deposit in the mail," on the other. (*Ibid.*; *Cole* v. *Los Angeles Unified School Dist.* (1986) 177 Cal.App.3d 1, 4 [222 Cal.Rptr. 426]; *Smith* v. *City and County of San Francisco* (1977) 68 Cal.App.3d 227, 231-232 [137 Cal.Rptr. 146].)

Thus, the cases have consistently held that where a prescribed time period is commenced by some circumstance, act or occurrence other than service then section 1013 will not apply. (*Poster* v. *Southern California Rapid Transit Dist.* (1989) 212 Cal.App.3d 686 [260 Cal.Rptr. 767], review granted Oct. 12, 1989 (S011900) [acceptance of a statutory offer under § 998 must be made within 30 days of the time the offer *was made*]; *County*

---

[6] The rules also provide that with respect to "all papers filed or submitted" (and this would necessarily include the order assigning Judge Soven on April 13, 1989, which is at issue here), "Service [thereof] and proof of such service shall be made as provided for civil actions generally." (Rule 1510.)

[7] Exceptions have also been recognized by case law, such as the judicial determination that section 1013 will not be applied to extend the 10-day (now 15-day) notice period required by section 1005 for written motions. (*DeMiglio* v. *Superior Court* (1981) 115 Cal.App.3d 973, 977 [171 Cal.Rptr. 787].) The rule of this case was codified by the 1981 amendment to section 1005.

*of Los Angeles* v. *Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 63-64 [208 Cal.Rptr. 263] [under Pen. Code, § 1306, subd. (b), bail forfeiture will be exonerated if summary judgment not entered within 90 days *after expiration* of the 180-day period in Pen. Code, § 1305, subd. (a)]; *Tielsch* v. *City of Anaheim* (1984) 160 Cal.App.3d 576, 579-580 [206 Cal.Rptr. 740] [petition for judicial review of adjudicatory action by local agency must be filed not later than 90 days following date when decision *becomes final*]; *Mario Saikhon, Inc.* v. *Agricultural Labor Relations Bd.* (1983) 140 Cal.App.3d 581, 583 [189 Cal.Rptr. 632] [a petition for review must be filed within 30 days *after issuance* of an order of the ALRB]; *Fritts* v. *County of Kern* (1982) 135 Cal.App.3d 303, 306 [185 Cal.Rptr. 212] [action must be commenced within 30 days *after filing* of minute order granting relief from claim filing requirement]; *Amoroso* v. *Superior Court* (1979) 89 Cal.App.3d 240, 242 [152 Cal.Rptr. 398] [request for trial must be filed within 20 days *after filing* of arbitration award].)[8]

On the other hand, where a prescribed time period is triggered by the term "service" of a notice, document or request then section 1013 will extend the period. (*Carli* v. *Superior Court* (1984) 152 Cal.App.3d 1095, 1098 [199 Cal.Rptr. 583]; *Karz* v. *Karl* (1982) 137 Cal.App.3d 637, 645-646 [187 Cal.Rptr. 183]; *Hirsch* v. *Ensign* (1981) 122 Cal.App.3d 521, 530-531 [176 Cal.Rptr. 17]; *Shearer* v. *Superior Court* (1977) 70 Cal.App.3d 424, 426-428 [138 Cal.Rptr. 824]; *California Accounts, Inc.* v. *Superior Court, supra,* 50 Cal.App.3d at pp. 485-487.) As petitioners stress, rule 1515 specifically links the commencement of the 20-day period to *service* of the assignment notice.

 Petitioners additionally emphasize that since rule 1515 provides that all plaintiffs or similar parties in a coordination proceeding constitute a side, and all defendants or similar parties also constitute a side, it is clear that any one party can exercise the sole peremptory challenge to the assigned trial judge which is available to that "side." Therefore, consultations among all similarly situated parties are very important. That process, because of the number of parties and counsel involved and their likely disparate locations, is often a time consuming one. Therefore, petitioners contend, an extension of the 20-day period by 5 days, in the event the order of assignment is served by mail, truly serves the purposes of allowing a full 20 days in order for such consultation and consideration to take place. This need for such interaction among litigants is unique to coordination proceed-

---

[8] An additional principle involved in many of these cases is that section 1013 cannot be utilized to extend jurisdictional limits (*County of Los Angeles* v. *Surety Ins. Co., supra,* 162 Cal.App.3d at p. 64) or statutes of limitation (*Tielsch* v. *City of Anaheim, supra,* 160 Cal.App.3d at p. 578; *Amoroso* v. *Superior Court, supra,* 89 Cal.App.3d at p. 242; *Smith* v. *City and County of San Francisco, supra,* 68 Cal.App.3d at pp. 231-232; *Meskell* v. *Culver City Unified School Dist.* (1970) 12 Cal.App.3d 815, 823 [96 Cal.Rptr. 773]).

ings and was doubtless in the mind of the Judicial Council when the rule was drafted.[9]

KFD makes essentially two arguments in support of its position. First, it contends that the 20-day period allowed by rule 1515 is already generous enough and to extend it further by applying section 1013 is inconsistent with both the language of the rules and the policy requiring prompt challenges to all-purpose judges. Second, since petitioners *knowingly* delayed beyond the 20-day period that alone should bar their claim to relief. We disagree with both contentions.

Taking the second argument first, it is irrelevant whether petitioners knowingly or intentionally waited until the 22d day. Section 1013 either applies to rule 1515 or it does not. If it does, then petitioners were entitled to the extra five days and were perfectly free to wait until the end of the allowed period if they so chose. If the extension is not applicable, then their motion is untimely and the trial court's ruling was correct. Petitioners' intentions or state of mind are simply not factors to be considered.

KFD's first argument, however, requires more discussion. Essentially, KFD claims that the addition of a five-day extension to the time period in which an all-purpose judge may be challenged essentially undermines the settled policy requiring challenges to such judges "at the earliest reasonable opportunity." (*Augustyn* v. *Superior Court* (1986) 186 Cal.App.3d 1221, 1228-1229 [231 Cal.Rptr. 298].) Indeed, at least one case has refused to apply section 1013 in order to extend the 10-day period in which a party may assert a challenge to a "fast track" (all-purpose) judge under Los Angeles County's special trial court delay reduction rules. (*Swenson* v. *Superior Court* (1988) 202 Cal.App.3d 348 350-351 [248 Cal.Rptr. 340].)[10]

What this argument principally overlooks is the essential difference between all-purpose assignments generally and those made under the rules

---

[9] In that regard, we note that the Legislature has never seen fit to add rule 1515's time period to the list of exceptions which it has expressly included in section 1013. Rule 1515 became effective in January 1974 and section 1013 was last amended in 1980. Similarly, the Judicial Council, aware of the provisions of section 1013, deliberately used the word "service" in rule 1515 and failed to modify that choice when the rule was last amended in 1982.

[10] The court in *Swenson* was called upon to construe Los Angeles Superior Court local rule 1104.1 which, in essence, required the assertion of a challenge, under section 170.6, within 10 days of a party's *notice* of such assignment. The rule provided for varying circumstances under which such notice would be deemed to have been given. However, "service" of such notice was not one of them (except in one instance not relevant to the facts in *Swenson*). The conclusion that section 1013 should not be applied rested in part upon the *Swenson* court's assumption that the drafters of local rule 1104.1 had already anticipated possible mail delays in setting the 10-day time period. We have previously expressed our disagreement with that assumption. (*International Union of Operating Engineers* v. *Superior Court* (1989) 207 Cal.App.3d 340, 353, fn. 15 [254 Cal.Rptr. 782].)

governing coordination proceedings. While it is true that a challenge to an all-purpose judge must be made promptly, we are hard pressed to ignore (1) the specific mandate of section 1013, (2) the fact that that section is at least implicitly, if not expressly, incorporated into the coordination rules (rule 1504(a)), and (3) the fact that neither the Judicial Council nor the Legislature has seen fit to modify rule 1515, or create a further exception to section 1013, in response to those appellate decisions applying section 1013, where a deadline or time period was triggered by the "service" of a particular notice, document or request. (See, e.g., *Shearer* v. *Superior Court, supra,* 70 Cal.App.3d at pp. 426-428; *California Accounts, Inc.* v. *Superior Court, supra,* 50 Cal.App.3d at pp. 485-487.) In a word, *Swenson* simply articulates a conclusion that has no direct application to the facts before us.

The Judicial Council has chosen to give the parties in coordination proceedings an extended period in which to make a decision under section 170.6. As petitioners' argument demonstrates, there is a good *and* sufficient reason for this. Moreover, the Council has also chosen to do so in a manner which directly implicates the provisions of section 1013. There is nothing in the facts of this case, or the authorities cited to us by KFD, which justifies our interference with this apparent statutory and administrative scheme.

KFD anticipates this conclusion by stressing that the rules also provide (pursuant to the authority of § 404.7) that "To the extent that these rules conflict with [any] provisions [of law applicable to civil actions generally], these rules shall prevail . . . ." (Rule 1504(a).) KFD's argument is that, by seeking to apply section 1013 to the time period set out in rule 1515, petitioners really are creating the very inconsistency prohibited by the last sentence of rule 1504(a). KFD contends that if section 1013 is to apply to rule 1515 then it should have been expressly incorporated therein.

However, in our view, this again ignores the plain language of section 1013.[11] As we have already noted, it is a statute of general application. If we are not to apply section 1013 to rule 1515, then it is for the rule to say so. When the Judicial Council promulgated rule 1515 it included the term "service" with full knowledge of the provisions of section 1013. It does not seem reasonable to conclude that the resulting application of that section would necessarily create an inconsistency with the rules so as to call into play the last sentence of rule 1504(a).

Moreover, KFD's argument presents a double-edged sword. KFD rightly notes that it is unlikely that a notice of the assignment of a coordination

---

[11] Indeed, it is more reasonable to conclude that the Legislature, by expressly including three specific exceptions in section 1013, intended that an extension would be required except where it was "otherwise expressly stated." (*Richards* v. *Miller, supra,* 106 Cal.App.3d Supp. at p. 17.)

judge will ever be served except by mail. Since the 20-day period starts to run upon "service," no party will ever have the full 20 days prescribed by rule 1515, unless section 1013 does apply. The time to deliberate with other affected parties and make a decision regarding the assigned coordination judge may be shortened to 15 days, or less. Such a result is just as "inconsistent" with rule 1515's 20-day prescription as is the 25-day period which results from the application of section 1013. If a choice must be made between these alternatives, it is better to adopt a rule which will insure that the 20 days mandated by rule 1515 is not reduced.

That result is certainly consistent with the application of section 1013 to other rules promulgated by the Judicial Council. (See, e.g., *McBride* v. *Alpha Realty Corp.* (1975) 49 Cal.App.3d 925 [123 Cal.Rptr. 270], where the court held that § 1013 applied to the time within which a party was required to make a written request for findings under rule 232(b); cf., *Injectronics Inc.* v. *Commodore Business Machines, Inc.* (1979) 100 Cal.App.3d 185, 188 [60 Cal.Rptr. 667].)[12]

We therefore conclude that where the notice of assignment has been served by mail, section 1013 is properly applied to extend rule 1515's 20-day period in which a peremptory challenge may be made to an assigned coordination proceedings trial judge.

### DISPOSITION

The alternative writ is discharged and the order staying proceedings is vacated. A peremptory writ shall issue directing the trial court to (1) vacate

---

[12] KFD's principal reliance on two cases is misplaced. In *George Arakelian Farms, Inc.* v. *Agricultural Labor Relations Bd.* (1985) 40 Cal.3d 654 [221 Cal.Rptr. 488, 710 P.2d 288], the Supreme Court refused to apply section 1013 to the question of the timeliness of a request for review of an ALRB order under California Code of Regulations, title 8, section 20393, subdivision (a). KFD urges this case upon us as an example of policy considerations which should impact the application of section 1013's five-day rule. However, KFD neglects to tell us that the Code of Regulations (§ 20480) had its *own* service by mail rule and it was for three days, not five. The Supreme Court made it clear in its opinion (40 Cal.3d at p. 662) that it was the specificity of the California Code of Regulations which prevented application of the more liberal rule under section 1013.

Similarly, in *Smith* v. *City and County of San Francisco, supra,* 68 Cal.App.3d 227, the court refused to add five days to the period in which a claimant under the California Tort Claims Act (Gov. Code, § 900 et seq.) could file an action on a rejected claim. By statute (Gov. Code, § 945.6, subd. (a)(1)), a claimant must bring his action "not later than six months after the date such notice [of rejection] is personally delivered or deposited in the mail." The court concluded that reading that statute to allow section 1013's five-day extension period would do violence to the express statutory language of the Tort Claims Act. Unlike the instant matter, the time period did not start from "service" but rather from a specific identifiable act (i.e., deposit in the mail). Thus, the statutory language (in Gov. Code, § 945.6, subd. (a)(1)) itself precluded the operation of section 1013.

its order striking petitioners' motion for disqualification of Judge Soven under section 170.6 and (2) enter a new and different order granting the motion.

Klein, P. J., and Arabian, J., concurred.