[No. B141841. Second Dist., Div. Seven. June 5, 2001.]

DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT, Plaintiff and Respondent, v. ATLANTIC BAKING COMPANY, INC., Defendant and Appellant.

892

COUNSEL

Edwin M. Rosenberg for Defendant and Appellant.

Timothy J. Kolesnikow for Plaintiff and Respondent.

OPINION

BOLAND, J.*—

SUMMARY

This case addresses whether the 45-day period specified in Labor Code section 3725 for filing a petition for writ of mandate from an order of the

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Labor Commissioner is extended five days under the provisions of Code of Civil Procedure section 1013. We conclude that section 1013 does not apply to the jurisdictional time limit for filing a writ petition from a commissioner's order.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a citation by the Labor Commissioner issued to Atlantic Baking Company, Inc., for failing to provide workers' compensation insurance coverage to its employees.

### A. *Proceedings before Labor Commissioner*

A Labor Commissioner investigator conducted an inspection of Atlantic Baking Company's place of business on March 24, 1999. The investigator found Atlantic did not have in effect a policy of workers' compensation insurance covering its 18 employees as required by Labor Code section 3700. The Labor Commissioner issued a citation and assessed a penalty of $1,000 against Atlantic for each of the 18 employees.

Atlantic requested a formal hearing before the Labor Commissioner regarding the citation and penalty. At the hearing, Atlantic offered evidence that its employees were leased from CMD Management Corporation, CMD bore responsibility for securing workers' compensation insurance coverage for the employees, and CMD had obtained a workers' compensation insurance policy encompassing the March 24, 1999 period.

The hearing officer conducting the proceeding concluded the evidence was insufficient to support Atlantic's contention that either Atlantic or CMD was in compliance with Labor Code section 3700. While the hearing officer found Atlantic and CMD had entered into a leasing agreement for employees working at Atlantic, the evidence did not support the validity or applicability of the workers' compensation insurance policy. The policy offered into evidence was neither signed, dated nor authenticated. Moreover, the policy did not name Atlantic as an insured.

The hearing officer upheld the findings on which the citation was based. The penalty assessment, however, was reduced from $18,000 to $14,000 based on a determination that Atlantic employed 14 rather than 18 workers. The Labor Commissioner's order after hearing, entitled "Notice of Findings on Penalty Assessment" and "Findings of Fact and Conclusion," was mailed to Atlantic on May 10, 1999.

### B. *Trial court proceedings on petition for writ of mandate.*

Atlantic filed a petition for writ of mandate in the trial court on June 29, 1999, asserting that the hearing officer abused her discretion in affirming 14

violations of Labor Code section 3700 for failure to secure workers' compensation insurance. Atlantic charged that the hearing officer disregarded substantial evidence supporting the existence of a valid insurance policy.

The Department of Industrial Relations, Division of Labor Standards Enforcement, responding on behalf of the Labor Commissioner, moved to dismiss the petition for writ of mandate on the ground it was not timely filed. It asserted Labor Code section 3725 allowed Atlantic 45 days from the date of mailing of the Labor Commissioner's order to file a petition contesting the order. Atlantic's petition, however, was filed 50 days after the order was served by mail, which was 5 days beyond the statutorily permissible filing date. Atlantic opposed the motion to dismiss, contending Code of Civil Procedure section 1013 extended the time for filing a petition for writ of mandate an additional five days for service by mail, thereby making its filing timely.

The trial court found Atlantic's petition was not timely filed under Labor Code section 3725. It determined that Code of Civil Procedure section 1013 was inapplicable because mailing is presupposed in section 3725 and is the sole method of service authorized by the latter section. The Division of Labor Standards Enforcement's motion to dismiss Atlantic's petition was granted on March 16, 2000, and a judgment of dismissal was entered on March 29, 2000. From the judgment Atlantic has filed a timely appeal.

## DISCUSSION

A. *The 45-day time period set forth in Labor Code section 3725 is not extended as a matter of law by Code of Civil Procedure section 1013.*

Labor Code section 3725 prescribes a 45-day time period for filing a petition for writ of mandate from an order of the Labor Commissioner. (Lab. Code, § 3725.) ██ Atlantic argues that its petition filed 50 days after mailing of the hearing officer's notice of findings and findings was timely because Code of Civil Procedure section 1013 provides a five-day extension to respond to a document served by mail.

██ Where the relevant time limit begins to run from the service of a document to which a response is directed, Code of Civil Procedure section 1013 extends the time for filing a petition. (*Citicorp North America, Inc. v. Superior Court* (1989) 213 Cal.App.3d 563, 567 [261 Cal.Rptr. 668].) Conversely, where the time period is commenced by an act other than service, section 1013 does not operate to extend the filing deadline. (*Camper v. Workers' Comp. Appeals Bd.* (1992) 3 Cal.4th 679, 684 [12 Cal.Rptr.2d 101, 836 P.2d 888]; *San Mateo Federation of Teachers v. Public Employment*

*Relations Bd.* (1994) 28 Cal.App.4th 150, 152 [33 Cal.Rptr.2d 387]; *Citicorp North America, Inc. v. Superior Court, supra,* 213 Cal.App.3d at p. 567; and *Cole v. Los Angeles Unified School Dist.* (1986) 177 Cal.App.3d 1, 4 [222 Cal.Rptr. 426].)

By its terms, the 45-day time period prescribed by Labor Code section 3725 runs from the "mailing" of the notice of findings and findings issued by the Labor Commissioner. The statutory provision makes no reference to "service." The language of section 3725 therefore renders Code of Civil Procedure section 1013 inapplicable to the 45-day time period for filing a petition for writ of mandate.

Moreover, the 45-day time limitation imposed by Labor Code section 3725 is jurisdictional, and Code of Civil Procedure section 1013 does not apply to jurisdictional deadlines. Appellate courts have held that time limits for seeking judicial review of decisions issued by the Workers' Compensation Appeals Board, Agricultural Labor Relations Board, and Public Employment Relations Board are jurisdictional. (*Camper v. Workers' Comp. Appeals Bd., supra,* 3 Cal.4th at p. 686; *Mario Saikhon, Inc. v. Agricultural Labor Relations Bd.* (1983) 140 Cal.App.3d 581, 582 [189 Cal.Rptr. 632]; and *San Mateo Federation of Teachers v. Public Employment Relations Bd., supra,* 28 Cal.App.4th at p. 155.) In terms of seeking statutory writs, Labor Code section 3725 is procedurally similar to Labor Code sections 5950 and 1160.8, and Government Code section 3542, which were considered in *Camper, San Mateo Federation of Teachers,* and *Mario Saikhon,* respectively. In view of the procedural similarities, no reason exists to treat Labor Code section 3725 any differently. It follows then that Code of Civil Procedure section 1013 does not apply to a petition for writ of mandate from an order issued by the Labor Commissioner.

B.  *Labor Code section 3725's specificity regarding the method of service renders the time extension provisions of Code of Civil Procedure section 1013 inapplicable.*

According to Code of Civil Procedure section 1013, subdivision (e), the five-day time extension provision applies in the absence of a specific exception provided by Labor Code section 3725, other statute, or rule of court. Relying on *L.C. Rudd & Son, Inc. v. Superior Court* (1997) 52 Cal.App.4th 742 [60 Cal.Rptr.2d 703], Atlantic argues that the five-day extension applies to its filing of a petition for writ of mandate because Labor Code section 3725 does not specify an exception to Code of Civil Procedure section 1013's extension provision.

While *Rudd* likewise involved the timeliness of filing a petition for writ of mandate, it is readily distinguishable. In that case, a nonsettling defendant

petitioned under Code of Civil Procedure section 877.6, subdivision (e) to set aside a good faith settlement determination. Although *Rudd* found Code of Civil Procedure section 1013 applicable, section 877.6, subdivision (e) specifies that service of written notice of a good faith determination, rather than an act other than service as specified in Labor Code section 3725, triggered the time period for filing a petition.

Moreover, Code of Civil Procedure section 1013 contemplates the availability of alternative methods of service in a civil case, not merely service by mail. Conversely, Labor Code section 3725 specifies mailing as the exclusive method of service in a proceeding initiated under that section.

The legislative decision to commence the running of the 45-day period prescribed in Labor Code section 3725 from the date of mailing of the notice of findings and findings clearly presupposes service by mail. No language in section 3725 reveals an intent that the word "mailing" in the concluding sentence of section 3725 was to be used synonymously with the term "service of notice," thereby triggering Code of Civil Procedure section 1013's time-extension provision. If the Legislature intended the 45-day time limit to begin running upon service of the Labor Commissioner's order on the parties, it would have required the filing of a petition for writ of mandate within 45 days after service of the notice of findings and findings. Because the Legislature did not do so and because section 3725's reference to mailing is unambiguous, the section must be construed as a statutory exception to section 1013's time-extension provisions.

### DISPOSITION

The order dismissing the petition as untimely and granting judgment in favor of the Division of Labor Standards Enforcement is affirmed.

Johnson, Acting P. J., and Woods, J., concurred.

A petition for a rehearing was denied June 28, 2001, and appellant's petition for review by the Supreme Court was denied August 22, 2001.