Filed 4/13/16  Video Tech Services Inc. v. Abdalla CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| VIDEO TECH SERVICES INC., | B259688 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SC105947) |
| v. | |
| EDWARD ABDALLA et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig D. Karlan, Judge.  Affirmed.

The Law Office of Todd C. Hunt, Twitchell & Rice and Todd C. Hunt, for Defendants and Appellants.

Paul Kujawsky for Plaintiff and Respondent.

_____

Defendants and appellants Edward Abdalla, David Santos, Thomas Woolsey, and H.E. Woolsey Corporation, doing business as The Crew Source (TCS), appeal from a judgment in favor of plaintiff and respondent Video Tech Services, Inc., following an order imposing terminating sanctions for discovery abuse. Appellants contend Video Tech's motions to compel further depositions of Woolsey and Santos were untimely, terminating sanctions should not have been imposed on all of the appellants, and the award of damages is not supported by substantial evidence. We conclude the motions to compel were timely, the trial court did not abuse its discretion by awarding terminating sanctions against all of the appellants, and the damages award is supported by substantial evidence. Therefore, we affirm the judgment.

## FACTS AND PROCEDURAL BACKGROUND

Video Tech is a national audiovisual staffing company which provides technical crews to operate equipment at live events. Abdalla was a general manager at Video Tech, Santos was an operations manager, and Timothy Rodriquez was a labor coordinator. Video Tech issued them laptops and phones for use in their jobs. In 2009, Abdalla began discussing a joint business venture with Woolsey to directly compete with Video Tech. Woolsey, Abdalla, Santos and Rodriquez met on October 22 or 23, 2009. Abdalla, Santos and Rodriquez resigned from Video Tech on October 26, 2009, without notice, to work for TCS.

On December 7, 2009, Video Tech filed a complaint against Abdalla, Santos, Rodriquez, Woolsey, and TCS for misappropriation of trade secrets, intentional and negligent interference with economic advantage, intentional interference with contractual relations, breach of fiduciary duty, breach of the duty of loyalty, breach of contract, unfair competition, conspiracy, and constructive trust.

On February 7, 2011, after a series of unsuccessful attempts to obtain discovery, Video Tech filed an ex parte application for an order compelling Woolsey's deposition. Trial was scheduled to start March 7, 2011. At the hearing on the ex parte application

before Judge Richard A. Stone, defendants' attorney Joel Tamraz stated that he had offered February 15, 16, and 17, 2011, for Video Tech to depose Abdalla, Santos, and Rodriquez. He suggested using those dates to take Woolsey's deposition as well. Tamraz represented that these were the only dates he had available that month, because he had trials scheduled at the end of the month. Video Tech's attorney Warren Worth objected that he needed an additional date for Woolsey, because the dates given would already be fully occupied with the other three individuals' depositions. Worth estimated that he needed one day each for Abdalla, Santos and Rodriquez. He estimated Woolsey's deposition would require one and a half to two days to complete. Judge Stone found the dates offered were plenty of time to take the depositions. Tamraz represented to the court that if the depositions were scheduled for the dates offered, he would have his clients present. The court granted the application and signed an order for Woolsey to appear for deposition on February 17, 2011.

After conferring by telephone, Worth sent a written confirmation of the deposition schedule agreed to by the attorneys. A third party would be deposed on February 15, 2011. Woolsey's deposition was scheduled from 10:00 a.m. to 4:00 p.m. on February 16, 2011, followed by Rodriquez's deposition from 4:00 p.m. to 7:00 p.m. Santos's deposition would take place from 10:00 a.m. to 3:00 p.m. on the following day, with Abdalla's deposition from 3:00 p.m. to 7:00 p.m. Worth noted that some of the depositions were going to take longer than the time allotted and he asked Tamraz to warn his clients that additional days might be necessary to complete their depositions.

Woolsey appeared on February 16, 2011. He did not produce any of the documents that Video Tech demanded. The deposition began at 10:35 a.m. During the deposition, Tamraz accused Worth of wasting time with irrelevant questions and took the position that it was Video Tech's sole opportunity to depose Woolsey. Worth disagreed. At approximately 4:30 p.m., 30 minutes after the scheduled end time, Tamraz reminded Worth that Woolsey needed to leave to pick up his son. Video Tech's counsel responded, "Okay. Well, we're not terminating the deposition; I'm going to ask for you to come back at another time. We'll try to work out a time that's conducive for yourself and [your

3

attorney]." Abdalla, Santos, and Rodriquez failed to appear for their depositions. On February 22, 2011, the court reporter signed a certificate that she had recorded and transcribed the testimony of the participants on February 16, 2011.

On February 23, 2011, Video Tech filed an ex parte application for an order compelling the depositions of Rodriquez, Santos and Abdalla. At a hearing on the ex parte application before Judge Jacqueline A. Connor, Tamraz represented to the court that the attorneys had reached an agreement on a deposition schedule. Santos's deposition would take place on March 15, 2011, at 10:00 a.m., Rodriquez's deposition would take place on March 22, 2011, at 10:00 a.m., and Abdalla's deposition would be held on March 29, 2011, at 10:00 a.m. The trial date was rescheduled.

On March 1, 2011, Video Tech served a notice of continuation of Woolsey's deposition. Woolsey objected to the notice of continuance on the ground that his deposition had been completed on February 16, 2011, pursuant to the court's order.

Santos and Rodriquez appeared for their depositions. They did not produce any documents and refused to answer several questions at their attorney's direction. Santos stated that he had two thumb drives that were used to transfer data from his Video Tech laptop back at his apartment. On March 17, 2011, the court reporter signed a certificate that she had recorded and transcribed the testimony of the participants in Santos's deposition.

On March 29, 2011, Abdalla appeared for his deposition. He produced six documents. At Tamraz's direction, he refused to answer several questions. He admitted installing and executing forensics cleaning software on his laptop and on Santos's laptop before the devices were returned to Video Tech. He said Santos requested Abdalla use the software on his laptop.

On May 9, 2011, Video Tech filed a motion to compel Woolsey's further deposition and production of documents. Woolsey opposed the motion on several grounds. He argued that the discovery cutoff date had passed, and the court had no jurisdiction to make the order because more than 60 days had passed after the completion

4

of the record of the deposition under Code of Civil Procedure section 2016.480.[1]  He argued the reporter's certificate executed February 22, 2011, established the record of the deposition was completed more than 75 days prior to Video Tech filing the motion to compel on May 9, 2011.

On May 17, 2011, Video Tech filed a motion to compel Santos's further deposition and production of documents.  Santos opposed the motion on several grounds, including that it was untimely under section 2025.480, because it was filed more than 60 days after the completion of the record of the deposition.  Santos argued the record was completed on March 17, 2011, when the reporter's certificate was executed to certify the transcript of the deposition.  The motion was filed 61 days after the reporter's certificate was executed.

On June 10, 2011, Video Tech filed a motion to reopen discovery, seeking monetary sanctions.  Video Tech argued that discovery was not completed prior to the initial discovery cutoff date of February 7, 2011, despite reasonable diligence, including the continued depositions and production of documents from Woolsey and Santos described in the pending motions to compel.  Defendants opposed the motion.

The motions to compel further deposition testimony and reopen discovery were heard together on August 3, 2011, before Judge Connor.  The court's tentative ruling was to deny the motions and refer the parties to a discovery referee for discovery disputes.  During the hearing, Judge Connor stated the motions to compel further deposition testimony were untimely.  Video Tech had failed to specify any discovery it was seeking beyond the matters contained in the motions to compel, so discovery should not be reopened without narrow parameters and requirements.  However, the court modified its tentative ruling to deny the motions without prejudice and refer the matter to a discovery referee.  The court expressly criticized defendants' evasiveness in discovery.  A new trial date was set in February 2012.

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

5

Video Tech prepared a notice of ruling that day, which stated the discovery motions were denied without prejudice and the discovery disputes contained in the motions were referred to a discovery referee for further proceedings. Video Tech submitted a proposed order appointing Judge William Sheffield (retired) as a discovery referee. The proposed order stated the issues submitted were whether Video Tech had been diligent in conducting discovery, whether the defendants complied with their discovery obligations, whether discovery should be reopened in order for Video Tech to conduct further discovery, and the issues raised in the motions denied without prejudice on August 3, 2011.

The defendants filed an objection to the proposed order on the grounds that discovery was closed and Judge Connor had not intended to allow further discovery. Video Tech replied and the defendants filed a response. The trial court signed the proposed order appointing Judge Sheffield as the discovery referee on August 12, 2011.

Attorney F. Richard Manzano substituted into the case on behalf of Video Tech. By letter brief, Video Tech provided Judge Sheffield with several documents, including the motions to reopen discovery and compel further depositions. Defendants responded by letter brief and submitted attachments.

On February 10, 2012, Judge Sheffield issued a 22-page report with recommendations for the court. After reviewing Judge Conner's ruling, he concluded the trial court had assigned him the task of determining whether discovery should be reopened. He considered Video Tech's motion to reopen discovery. Judge Sheffield found Woolsey's deposition record was not complete. The deposition had not concluded on February 16, 2011, and was subject to further testimony. The deposition record remained incomplete and the trial court had authority to compel Woolsey's further attendance, testimony, and production of documents.

In addition, Judge Sheffield reviewed defendants' objections to Video Tech's request for discovery and deposition questions. He found all but one to be meritless, and most were frivolous. He sustained the objection to one question and overruled the remaining objections.

6

With respect to the motion to reopen Santos's deposition, Judge Sheffield found the extension of time under section 1013 for service by mail applied. The deposition record was complete on March 17, 2011. Notice was mailed by the reporter that day. The 60-day time limit began to run on March 22, 2011, and therefore, the motion to compel further testimony filed on May 17, 2011, was timely.

Judge Sheffield reviewed Santos's objections to document production requests and Tamraz's instructions not to answer deposition questions. He overruled the majority of the objections. Judge Sheffield noted, "It has been a long time since this referee can recall such extensive rudeness and unprofessional conduct as was perpetrated by defense counsel here." He concluded that an objective reading of the Santos deposition transcript compelled reopening the deposition based on Tamraz's numerous speaking objections, statements belittling opposing counsel, and obstruction of testimony.

Among other conclusions, Judge Sheffield recommended the trial court reopen discovery to permit the continued depositions of Woolsey and Santos. The depositions should be taken without the objections overruled in the referee's report. Woolsey and Santos should be ordered to appear at their depositions on the date noticed and be ordered to produce the documents described in the earlier notice of deposition and production of documents. The trial court should find Tamraz's conduct in connection with the motions was indefensible and obstreperous, most of his objections lacked a colorable legal basis, and Video Tech had diligently pursued discovery in the face of a defense that did all it possibly could to impede discovery.

On March 5, 2012, the defendants filed objections to the referee's report and recommendation, and applied to remove the referee. Video Tech filed a motion to confirm the report and recommendations of the discovery referee, which was opposed by all defendants. A hearing was held in May 2012, before Judge H. Chester Horn, Jr. On May 31, 2012, Judge Horn granted the motion to adopt the referee's report. He granted Video Tech's motion to reopen discovery. A new trial date was set for January 28, 2013, and the new discovery cut-off date was November 30, 2012. He granted the motions to compel Woolsey's and Santos's further depositions and production of documents. The

7

court independently reviewed the record and concluded, consistent with the discovery referee, that the referee's charges to date should be allocated entirely to defendants. The court denied a motion by Video Tech for monetary and/or terminating sanctions without prejudice. However, the order stated, "Defendants and their counsel are hereby on notice that further obstructive, evasive or dilatory conduct will not be tolerated by this court, and, upon motion, will result in sanction, including, potentially, the ultimate sanction of termination under Code Civ. Proc. § 2023.030(d)(3)."

Attorney Todd Hunt associated into the case on behalf of the defendants. Santos's further deposition was taken on July 11 and 16, 2012. He had been ordered to produce all external media devices used to download or transfer Video Tech documents. Santos testified that he had looked for the devices and could not locate them. He did not have any thumb drives. He may have used them or given them away. Defense counsel agreed to make TCS's server available for Video Tech to examine.

Abdalla's deposition was taken on November 26, 2012. He testified that he was the one who was primarily responsible for putting together the documents responsive to Video Tech's request for document production. He was present at each defendant's deposition.

Video Tech renewed a motion for terminating sanctions on November 21, 2013, based on continued failure to comply with court-ordered discovery and intentional destruction of documents. Video Tech argued that terminating sanctions were warranted, because the defendants used software on certain computers designed to eliminate evidence, failed to preserve thumb drives, destroyed physical records, and failed to comply with the court's May 31, 2012 order.

In support of the motion, Video Tech submitted the declaration of computer forensics expert David Tulo, Jr. He had examined the laptop computers that Abdalla and Santos used which were the property of Video Tech. External devices were attached to Abdalla's and Santos's laptops immediately before and after their resignations. A substantial amount of data was transferred to the external devices. An anti-forensic software application, called Tracks Eraser Pro, was used to destroy information about the

8

laptop's use history, as well as documents, e-mail messages and other files, before the laptops were returned to Video Tech.

Video Tech submitted Abdalla's deposition testimony admitting that he installed and executed forensics cleaning software on the laptops from Video Tech before they were returned. Video Tech also submitted Santos's deposition in which he admitted that he had two thumb drives with evidence, but had misplaced them.

Video Tech submitted the declaration of computer forensic and electronic discovery expert Michael Kunkel. He had examined TCS's hard drives. He concluded that on July 16, 2012, the day that defense counsel agreed to produce the TCS hard drives, thousands of computer files were destroyed using an anti-forensic evidence software application called CCleaner. All of the e-mail messages from the first three months of the company's existence were "double deleted." Certain e-mail messages in files unique to Microsoft Outlook were not deleted, and Kunkel's analysis of the e-mail indicated the deletions were targeted to prevent certain electronic evidence from being revealed.

The defendants filed an opposition to the motion for terminating sanctions on December 4, 2013. They argued Video Tech was attempting to use the actions of one defendant to seek defaults against all defendants. At most, Woolsey ran file deletion software on the computer server prior to the expert review.

The defendants submitted declarations in support of the opposition. Abdalla declared that he did not intentionally or knowingly delete any information from TCS's server prior to its production. Woolsey declared that he did not know Hunt had agreed to produce the server when he used a free software application to remove unnecessary internet history. He did not remove e-mails or active files from the server.

Video Tech filed a reply relying on Kunkel's declaration. Kunkel explained CCleaner's default function destroys internet history, but in this case, the "wipe" setting was deliberately enabled to wipe areas of the hard disk and ensure deleted files could never be recovered. The wipe feature is not marketed as an optimization tool. Its sole purpose is to ensure deleted data can never be recovered. Because of the effects of the

9

software, there is no way to determine the identity or history of the deleted files or the extent to which relevant evidence was lost.

A hearing was held on March 19, 2014, before Judge Craig D. Karlan. Video Tech's attorney explained that the defendants agreed to produce TCS's servers in an unrecorded discussion during the morning session of Santos's deposition on July 16, 2012. Abdalla was present at the deposition and left before the end. Woolsey started the software to wipe the servers at 12:09 p.m.

The court noted that despite attorney Hunt's best efforts, Woolsey's approach to his continued deposition had been shocking and warranted terminating sanctions. His answers were incomplete, uncooperative, obstreperous, and nonsensical. There was no reasonable explanation for throwing away documents during the pendency of litigation when he was aware that he had to save everything. Judge Karlan noted that it was one of the worst depositions he had reviewed in a long time. He found it unbelievable that Santos had lost both of the thumb drives, which had evidence key to the case. Counsel for both parties and Judge Karlan agreed that Rodriquez was not implicated in the evidence supporting terminating sanctions.

The court found Abdalla was in charge of operations at TCS from the beginning, was an officer of the company, and took laptops from Video Tech with Santos. The court found it to be more likely than not that Abdalla was involved in Woolsey wiping the servers. Attorney Hunt argued that nothing in the discovery order required Abdalla to do anything. Hunt suggested the jury should be instructed with a presumption about the stolen information as an appropriate sanction, or a finding that the defendants accessed and transferred the contracts, used the information to contact clients or provide services. Attorney Manzano noted Abdalla was ordered to produce documents, which he redacted without providing a satisfactory explanation.

On April 3, 2014, Judge Karlan denied the motion for terminating sanctions as to Rodriquez, but granted the motion as to Abdalla, Santos, Woolsey and TCS. The court found Abdalla, Santos and Woolsey took willful, deliberate actions that caused the unavailability of key evidence and irreparably damaged Video Tech's ability to have a

10

fair trial. Given the history of discovery abuses and violations of court orders by these defendants, the court found the ultimate sanction of striking their answers and entering their defaults was warranted. The prior imposition of lesser sanctions failed to result in compliance, and as a result of defendants' misconduct, there is no lesser sanction that could appropriately even the playing field.

Judge Karlan noted that shortly after filing the complaint in this case, Video Tech sought a preliminary injunction. Eight days after Video Tech served notice of the injunction proceeding, the defendants cleared the relevant registry files on TCS's server by reinstalling the operating system. The court found Video Tech's information constituted a trade secret, evidence indicated the defendants had misappropriated the information, Video Tech was likely to prevail on the merits, and the harm to Video Tech was great. The court issued a preliminary injunction restraining defendants from disclosing or utilizing the information, but Video Tech failed to qualify for the bond ordered and the injunction was dissolved.

Judge Karlan noted that Santos testified at his deposition on March 11, 2011, that he had thumb drives used to transfer data from Video Tech laptops after his resignation which were stored in his apartment. Santos was required to produce all external media devices used to transfer Video Tech documents and the contents of those devices at his court-ordered deposition on July 11, 2012. He failed to bring the devices to the deposition and testified that he was unable to locate or determine the content of the devices. By the end of Santos's continued deposition on July 16, 2012, he had failed to produce eight categories of documents that were required under the May 31, 2012 order. When certain documents were eventually provided, they were heavily redacted without a supporting claim of privilege. Defendants' counsel concedes that two categories remain unfulfilled as of March 24, 2014.

Abdalla testified at his deposition on November 26, 2012, that he was the person who was primarily responsible for putting together the documents responsive to the discovery demands. He used a forensics scrubbing program on the laptops owned by Video Tech before they were returned. He was present at each deposition, including

11

Santos's deposition on July 16, 2012, in which an agreement was reached during the morning session to transfer TCS's server to Video Tech for analysis. Minutes after the session concluded, Woolsey wiped the server back at the office. At Abdalla's later deposition, it became clear that he had only searched for items produced on the wiped server. The destruction of evidence effectively prevented Video Tech from presenting a case. For example, when Video Tech's attorney asked Abdalla whether he had a particular file on his Video Tech laptop which referred to TCS, he said he probably did, but he could not remember what was on the file or who created it. There was no valid explanation for wiping the server given the defendants' legal obligations and the court orders in the action.

Judge Karlan included an example of Woolsey's incoherent answers to basic questions about TCS operations at his deposition on September 21, 2012, to demonstrate Woolsey's continued lack of cooperation and refusal to diligently participate in the process. He testified that he randomly purges records when they pile up and the last time was a couple months before his deposition.

For these reasons, Judge Karlan granted the renewed motion for terminating sanctions as to Abdalla, Santos, and Woolsey. There was insufficient evidence to demonstrate a terminating sanction was appropriate as to Rodriquez.

The answers of defendants other than Rodriquez were stricken. A default prove-up hearing was held on July 22, 2014. Video Tech submitted the declaration of valuation expert Scott Hampton. Hampton reviewed several sources of information, including TCS's financial statements and transaction details, Video Tech's client database and order history, and defendants' deposition testimony. He analyzed the use of Video Tech's client information and lost profits. Hampton opined that as a result of the misappropriation of Video Tech's trade secrets, TCS was unjustly enriched by $2,000,754.

The court made findings of fact that satisfied the elements of the causes of action. The court awarded compensatory damages of $2,000,754 against Abdalla, Santos, Woolsey and TCS, jointly and severally, as well as costs of $595,779.80. In addition, the

court awarded punitive damages of $500,000 against TCS alone. The court declined to award punitive damages against the individual defendants due to a lack of evidence of their net worth, but noted that an award of punitive damages would otherwise have been merited. The court entered judgment on August 18, 2014. The defendants filed a timely notice of appeal from the judgment.

## DISCUSSION

### Standard of Review

We apply an abuse of discretion standard of review to the trial court's order imposing discovery sanctions. (*Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 401 (*Sinaiko*).) "A court's decision to impose a particular sanction is 'subject to reversal only for manifest abuse exceeding the bounds of reason.'" (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1183.) To the extent that we review the trial court's findings of fact, we apply a substantial evidence standard of review (*In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1479), and if "reviewing the sanction order requires us to construe the applicable discovery statutes, we do so de novo, without regard to the trial court's ruling or reasoning." (*Sinaiko,* at p. 401.)

### Jurisdiction Under Section 2025.480

Appellants contend Video Tech's motions to compel continued deposition testimony of Woolsey and Santos were untimely under section 2025.480, subdivision (b), and therefore, the court had no jurisdiction to grant them. We disagree.

13

### A. Statutory Language

Section 2025.480 provides in pertinent part, "(a) If a deponent fails to answer any question or to produce any document, electronically stored information, or tangible thing under the deponent's control that is specified in the deposition notice or a deposition subpoena, the party seeking discovery may move the court for an order compelling that answer or production. ¶ (b) This motion shall be made no later than 60 days after the completion of the record of the deposition, and shall be accompanied by a meet and confer declaration under Section 2016.040. [¶]. . .[¶] (i) If the court determines that the answer or production sought is subject to discovery, it shall order that the answer be given or the production be made on the resumption of the deposition."

### B. Motion to Compel Woolsey's Continued Deposition

Appellants contend Video Tech had to file a motion to compel the continuation of Woolsey's deposition within 60 days after the court reporter certified she had transcribed the testimony from the first day of the deposition. Video Tech contends the court reporter's certification did not trigger the time limit under section 2025.480, because Woolsey's deposition was not yet complete. We agree with Video Tech.

The trial court found Woolsey's deposition was not concluded on February 16, 2011, and therefore, Video Tech's motion to compel the continuation of Woolsey's deposition testimony was not untimely. This finding is supported by substantial evidence. Video Tech's attorney expressed concern when the deposition was scheduled that he would need more than one day. In fact, Woolsey's availability on February 16, 2011, was limited due to the time constraints of his child care arrangement, and his attorney's conduct impeded the progress of the deposition, making it necessary to schedule an additional day to finish the deposition. Appellants do not address the fact that Woolsey's deposition was not completed on February 16, 2011, and an additional day of testimony was necessary. Video Tech was not required to bring a motion to

14

compel answers or production of documents before the conclusion of the deposition. It would not be reasonable to interpret the statute as requiring parties to file motions to compel before the conclusion of the deposition, because the deponent may provide sufficient answers or documents before the end of the deposition, rendering a motion to compel unnecessary. The trial court properly found the motion to compel Woolsey's further deposition testimony and production of documents to be timely.

### C. Motion to Compel Santos's Further Deposition

As stated above, a motion to compel further deposition testimony under section 2025.480 must be filed no later than 60 days after the completion of the record of the deposition. Appellants contend the record of Santos's deposition was completed when the court reporter certified the transcript on March 17, 2011, and therefore, the motion to compel filed 61 days after the certification was untimely. Video Tech contends the time to file a motion to compel was extended five days under section 1013. We agree with Video Tech.

Section 2025.520, subdivision (a), requires a court reporter to send written notice when the transcript is available: "If the deposition testimony is stenographically recorded, the deposition officer shall send written notice to the deponent and to all parties attending the deposition when the original transcript of the testimony for each session of the deposition is available for reading, correcting, and signing, unless the deponent and the attending parties agree on the record [otherwise]." (§ 2025.520, subd. (a).) Therefore, the record of the deposition was complete when the reporter sent written notice to the deponent and the parties that the transcript was available. Video Tech contends its motion to compel further testimony was timely, because section 1013 provides a five-day extension to respond to a document served by mail.

Section 1013, subdivision (a), governs service by mail and states in pertinent part: "Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain after

15

service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California, . . . but the extension shall not apply to extend the time for filing notice of intention to move for new trial, notice of intention to move to vacate judgment pursuant to Section 663a, or notice of appeal. This extension applies in the absence of a specific exception provided for by this section or other statute or rule of court."

"Where the relevant time limit begins to run from the service of a document to which a response is directed, Code of Civil Procedure section 1013 extends the time for filing a petition. (*Citicorp North America, Inc. v. Superior Court* (1989) 213 Cal.App.3d 563, 567.) Conversely, where the time period is commenced by an act other than service, section 1013 does not operate to extend the filing deadline. (*Camper v. Workers' Comp. Appeals Bd.* (1992) 3 Cal.4th 679, 684; *San Mateo Federation of Teachers v. Public Employment Relations Bd.* (1994) 28 Cal.App.4th 150, 152; *Citicorp North America, Inc. v. Superior Court, supra,* 213 Cal.App.3d at p. 567; and *Cole v. Los Angeles Unified School Dist.* (1986) 177 Cal.App.3d 1, 4.)" (*Department of Industrial Relations v. Atlantic Baking Co.* (2001) 89 Cal. App. 4th 891, 894-95.)

The court reporter sent notice by mail that the transcript of the deposition was available. Section 1013 operated to extend the time to file a motion to compel further testimony by five days. Video Tech's motion was filed within the extended time limit. The trial court correctly found the motion was timely.


## Imposition of Terminating Sanctions on Multiple Defendants


Appellants contend the trial court abused its discretion by imposing terminating sanctions against all of them. We find no abuse of discretion. In May 2012, the trial court expressly ordered that any further obstructive, evasive or dilatory conduct by the defendants or their counsel would result in sanctions, including possibly terminating sanctions. All defendants were subject to the court's order to preserve evidence. It was

16

the province of the trial court to determine whether defendants' actions in connection with Santos's deposition violated the court's order.  The court reasonably found Abdalla, who had the primary responsibility to produce responsive documents for the defendants and had previously wiped the evidence from two laptops, contacted Woolsey during the deposition and provided information to wipe the server.  The trial court did not abuse its discretion by imposing terminating sanctions on Abdalla, Santos, Woolsey, and TCS.

## Evidence Supporting Damages

Appellants contend the award of damages is excessive, because Video Tech presented evidence of a lesser amount in support of a motion for a preliminary injunction several years earlier.  This contention has no merit.  The trial court's award of damages was supported by evidence from Video Tech's valuation expert.  Video Tech was not required to present all of its damages in connection with the motion for a preliminary injunction, prior to the completion of discovery.  The award of damages was supported by the evidence at default prove-up.

# DISPOSITION

The judgment is affirmed.  Respondent Video Tech is awarded its costs on appeal.


KRIEGLER, Acting P.J.

We concur:


BAKER, J.


KUMAR, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.